# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-2167

ILDEFONSO R. RICAFORT, APPELLANT

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE

On Appeal from the Board of Veterans' Appeals

(Decided      May 7, 2007      )

*Ildefonso R. Ricafort*, pro se.

*Catherine A. Chase*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, and MOORMAN and DAVIS, *Judges*.

MOORMAN, *Judge*:  The pro se appellant, Ildefonso Ricafort, appeals an April 30, 2004, Board of Veterans' Appeals (Board) decision that, inter alia, denied entitlement to an effective date earlier than February 1, 2001, for restoration of his VA benefits.  Record (R.) at 1-7.  The appellant has filed an informal brief, and the Secretary has filed a brief.  The Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a) to review the April 2004 Board decision.  For the reasons set forth below, the Court will affirm the Board's April 2004 decision.

## I.  FACTS

Mr. Ricafort had recognized guerilla service in the Army of the Philippines from January 1943 to July 1945.  *See* R. at 151.  *But see* R. at 2 ("The veteran had active service from January 1945 to July 1945.");  *but see also* R. at 26, 94.  In January 1986, Mr. Ricafort submitted a claim for additional benefits for Renison Reynes, whom he claimed as his son and dependent.  R. at 37.  In

support of his claim, Mr. Ricafort submitted proof of birth, showing himself and Renison's mother, Teresa Reynes, as the natural parents. R. at 38-39. At the time he filed his claim, Mr. Ricafort was entitled to a 20% disability rating for service-connected right axilla wound residuals. R. at 33. Mr. Ricafort also was receiving compensation for three other children. R. at 44.

In August 1986, an adjudication officer at the Manila, Philippines, VA Regional Office (RO) requested a field examination to determine whether Mr. Ricafort was Renison's father. R. at 44. During the course of the RO's examination, Renison's mother testified that Mr. Ricafort was in fact her uncle and not the father of Renison. R. at 62. The RO also obtained additional sworn statements that it was generally known in the community that Mr. Ricafort was the father neither of Renison nor of his other claimed dependents. *See* R. at 52, 60.

In light of this evidence, in April 1987, the RO concluded that there was evidence sufficient for consideration of forfeiture based on Mr. Ricafort's filing of a fraudulent claim for benefits. R. at 90. In July 1987, the director of VA's Compensation and Pension (C&P) Service issued a forfeiture decision determining that Mr. Ricafort had forfeited his benefits based on a finding that he knowingly furnished fraudulent evidence that he was the father of a child "with the intention of deceiving and defrauding [VA] by his attempt to obtain benefits to which he had no legal entitlement." R. at 97.

In September 1987, Mr. Ricafort filed a Notice of Disagreement (NOD), indicating his desire to appeal the C&P Service director's forfeiture decision.[1] R. at 99; *see* R. at 137-38. Despite Mr. Ricafort's timely filed NOD and numerous written requests, VA failed to provide him the review ordinarily triggered by the timely filing of an NOD. The VA Office of the General Counsel ultimately addressed this issue in January 1999, when it sent a letter to the U.S. Department of Justice in response to the Department's request for assistance in processing a pardon request on Mr. Ricafort's behalf. R. at 137-38; *see* R. at 134 ("The [July 1987] letter appears to be a valid and timely [NOD] appealing the forfeiture decision. Notwithstanding the veteran's repeated requests to have his appeal proceed, this simply never occurred."). The letter recognized that Mr. Ricafort's appeal of the July 1987 forfeiture decision was still pending and stated that Mr. Ricafort's records

---

[1] VA suspended payment of benefits effective from the date of his last payment. The appellant raises no issue concerning this action. *See* 38 C.F.R. § 3.669(a) (2006).

had been forwarded to the C&P Service for appropriate action. R. at 138. In March 1999, a Statement of the Case (SOC) was issued, which maintained the prior forfeiture decision. *See* R. at 141-44.

In February 2001, Mr. Ricafort submitted a statement indicating that he had been granted a full Presidential pardon for his attempt to defraud VA and requesting that VA reinstate his compensation and pay him retroactively from July 20, 1987. R. at 153. Mr. Ricafort attached to his statement a copy of the pardon, which was dated January 20, 2001. R. at 154. In March 2002, the RO resumed Mr. Ricafort's monthly disability compensation, effective January 20, 2001, with a payment date of February 1, 2001. *See* R. at 175-76.

In May 2002, Mr. Ricafort submitted a statement in which he argued that he was entitled to an effective date of July 20, 1987, the date his benefits were terminated, because the pardon stated that it was "full and unconditional." *See* R. at 179. In August 2002, the RO issued an SOC determining that Mr. Ricafort was not entitled to an effective date prior to January 20, 2001. *See* R. at 183-87. In September 2002, Mr. Ricafort submitted a written statement expressing his disagreement with the August 2002 SOC. R. at 189-91. After a December 2002 personal hearing before the RO, in January 2003, the RO issued a Supplemental Statement of the Case finding that Mr. Ricafort was not entitled to an earlier effective date for the restoration of benefits. *See* R. at 208-09. Mr. Ricafort submitted another statement later that month, which the RO certified as a Substantive Appeal. *See* R. at 211, 213-14. In April 2004, the Board issued the decision here on appeal in which it denied an effective date earlier than February 1, 2001, for the restoration of benefits. *See* R. at 1-5. The Board also remanded one matter and ordered the RO to issue an SOC pertaining to a December 2002 request made by Mr. Ricafort for a waiver of an overpayment in the amount of $2,153.17. *See* R. at 6-7.

On appeal, the appellant makes two assertions of error. First, the appellant argues that he is entitled to a July 20, 1987, effective date for the restoration of his benefits because the January 2001 Presidential pardon was "full and unconditional." *See* Appellant's Informal Brief at 1-2. Second, the appellant requests that the Court grant a waiver of an overpayment in the amount of $2,153.17. *Id.* The Secretary responds that the Board had a plausible basis for its determination that the appellant is not entitled to an earlier effective date for the restoration of benefits. *See* Secretary's

3

Brief (Sec'y Br.) at 4-6. The Secretary also contends that the Court has no jurisdiction over the issue of waiver of the appellant's overpayment. *See* Sec'y Br. at 4.

## II. ANALYSIS

### A. Earlier Effective Date

The question presented to the Court is whether, pursuant to 38 C.F.R. § 3.669 (2006), the appellant is entitled to an effective date for restoration of previously terminated VA benefits prior to the date of a grant of a full and unconditional pardon by the President of the United States. 38 C.F.R. § 3.669 provides in pertinent part:

> (d) Pardons.
>> (1) Where the payee's offense has been pardoned by the President of the United States, the award will be resumed, if otherwise in order, effective the date of the pardon if claim is filed within 1 year from that date; otherwise benefits may not be authorized for any period prior to the date of filing claim. The award will be subject to any existing overpayment.

38 C.F.R. § 3.669(d)(1).

The appellant contests the Board's interpretation and application of 38 C.F.R. § 3.669(d)(1). This is a question of law. The Court therefore will conduct a de novo review of the Board's interpretation and application of 38 C.F.R. § 3.669(d)(1). *See* 38 U.S.C. § 7261(a)(1); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc); *see also Hensley v. West*, 212 F.3d 1255, 1263-64 (Fed. Cir. 2000) (discussing the Court's de novo review authority). The Secretary has authority to "prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws." 38 U.S.C. § 501(a). In such situations, VA's interpretation of its own regulation "becomes 'of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Smith v. Nicholson*, 451 F.3d 1344, 1350 (Fed. Cir. 2006) (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)). On review, if the meaning of the regulation is clear from its language, then that is "the end of the matter." *Brown v. Gardner*, 513 U.S. 115, 120 (1994).

Section 3.669(d)(1) specifically and unambiguously prohibits the assignment of an effective date earlier than the date of the pardon. The Court observes the case of *Knote v. U.S.*, 95 U.S. 149 (1877), in which the U.S. Supreme Court discussed the effect of a pardon as it related to property

4

that, prior to the date of the pardon, the Federal Government seized and sold, the proceeds of which it paid into the U.S. Treasury. Specifically, the Court stated: "A pardon is an act of grace by which an offender is released from the consequences of his offense . . . . But it does not make amends for the past. It does not give compensation for what has been done or suffered, nor does it impose upon the government any obligation to give it." *Id.* at 153-54; *see also U.S. v. Wilson*, 32 U.S. 150 (1833); *Chacon v. U.S.*, 48 F.3d 508, 513 (Fed. Cir. 1995) (noting that the only limitation to the operation of a pardon is that "'it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment'" (quoting *Ex Parte Garland*, 71 U.S. 333, 380 (1866))).

Therefore, to the extent that the appellant argues that 38 C.F.R. § 3.669(d)(1) entitles him to an effective date of July 20, 1987, for restoration of VA benefits, the appellant is mistaken. Although the appellant's original disagreement with the July 1987 forfeiture decision remained pending through the issuance of the March 1999 SOC, the appellant failed to appeal that decision, and it became final. Therefore, the Court need not address any situation involving issuance of a pardon during the pendency of an appeal. In this case, the date of the pardon was January 20, 2001. *See* R. at 154. The payment of monetary benefits based on a restoration of VA benefits, however, begins the first day of the calendar month following the month in which the award became effective. *See* 38 C.F.R. § 3.31 (2006); *see also Trilles v. West*, 13 Vet.App. 314, 322 (2000) (en banc) (holding that an attempt to have forfeited benefits restored "is essentially one to reopen the forfeiture matter in a procedure similar to reopening disallowed claims for VA benefits as mandated by 38 U.S.C. § 5108"). The Board, therefore, did not err in finding that the appellant was not entitled to an effective date earlier than January 20, 2001, as a matter of law, and that restoration of VA benefits may not be made for any period prior to February 1, 2001. *See* R. at 5; 38 U.S.C. § 6105(a); 38 C.F.R. §§ 3.31, 3.669(d)(1).

### B. Entitlement to Waiver of Recovery of Overpayment

Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a Board decision by this Court, that decision must be final and the person adversely affected by that decision must file a Notice of Appeal within 120 days after the date on which the Board decision was mailed. *See In re Quigley*, 1 Vet.App. 1 (1990). A Board remand is not a final decision within the meaning of

38 U.S.C. § 7252(a). *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005). The Board has not issued a final decision on the issue of the appellant's entitlement to a waiver of recovery of an overpayment. Therefore, the Court will dismiss the appeal of this issue for lack of jurisdiction.

## III. CONCLUSION

After consideration of the appellant's informal brief, the Secretary's brief, and a review of the record, the Board's April 30, 2004, decision is AFFIRMED.