NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENDRIA Y. WEST,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7020

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1868, Judge Bruce E. Kasold.

---

Decided: August 10, 2010

---

KENDRIA Y. WEST, of Antioch, Tennessee, pro se.

JAMES P. CONNOR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T.

MANHARDT, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and DANA RAFFAELLI, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before RADER, *Chief Judge*, NEWMAN and PROST, *Circuit Judges.*

PER CURIAM.

Appellant Kendria Y. West appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals' ("Board's") denial of her claim for entitlement to service connection for hypercholesterolemia and hypothyroidism, as well as increased disability ratings for service-connected chronic pelvic inflammatory disease with fibroids and supraventricular tachycardia. *West v. Shinseki*, No. 08-1868, 2009 WL 3401414 (Ct. Vet. App. Oct. 23, 2009). We *dismiss* for lack of jurisdiction.

BACKGROUND

Ms. West served on active duty in the United States Navy from March 1986 through November 1990. Upon her separation from service, the Department of Veterans Affairs Regional Office ("RO") granted her entitlement to service connection for two medical conditions, chronic pelvic inflammatory disease and supraventricular tachycardia. In August 2004, Ms. West sought an increase in the disability rating for these two conditions and filed an additional claim for entitlement to service connection for two other medical conditions, namely hypercholesterolemia and hypothyroidism. In December 2004, the RO denied her entitlement to service connection for the

two additional medical conditions and an increased dis-ability rating for pelvic inflammatory disease, but in-creased her disability rating for supraventricular tachycardia.

In January 2005, Ms. West filed a claim for entitle-ment to a total disability rating based on individual unemployability. In June 2005, the RO denied this claim.

Ms. West appealed to the Board. On March 28, 2008, the Board upheld the RO's determinations with respect to Ms. West's claim to entitlement to service connection for hypercholesterolemia and hypothyroidism, as well as the disability ratings for chronic pelvic inflammatory disease with fibroids and supraventricular tachycardia. The Board, however, remanded to the RO Ms. West's claim for entitlement to a total disability rating based on individual unemployability.[1]

---

[1] Although Ms. West's appeal does not seem to ad-dress the issue, we clarify that the issue of her entitle-ment to a total disability rating based on individual unemployability is not before this court. Section 7252(a) of 38 U.S.C. provides that the Veterans Court has juris-diction to review "decisions of the Board." A remand by the Board is not a "decision" within the meaning of this statute and thus, in an appeal of a Board determination to the Veterans Court, the Veterans Court does not have jurisdiction over issues that the Board remanded. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005); *Ricafort v. Nicholson*, 21 Vet. App. 198, 202 (Ct. Vet. App. 2007). Here, because the Board remanded the issue of Ms. West's entitlement to a total disability rating to the RO, the Veterans Court, in addressing Ms. West's appeal of the Board decision, did not have jurisdiction over this issue and did not address it. Therefore, the issue is not before this court.

Ms. West appealed the Board's decision to the Veterans Court, which affirmed on October 23, 2009. The Veterans Court entered judgment on November 17, 2009. Ms. West timely appealed to this court.

## DISCUSSION

"Our jurisdiction to review the decisions of the [Veterans Court] is limited by statute." *Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000). Section 7292(a) of 38 U.S.C. provides that this court may review the validity of the Veterans Court's decision on "a rule of law or of any statute or regulation . . . or any interpretation thereof" that the Veterans Court relied on in making its decision. Under 38 U.S.C. § 7292(d)(2), however, we may not review: (1) "a challenge to a factual determination" or (2) "a challenge to a law or regulation as applied to the facts of a particular case" unless the challenge presents a constitutional issue.

Ms. West argues that the Veterans Court ignored the facts of her case and includes a detailed statement of her medical issues in which she argues that the law cannot be properly applied without a full and accurate understanding of her medical condition. Ms. West properly concedes that the Veterans Court's decision did not involve constitutional issues or the validity or interpretation of a statute or regulation, and thus she does not contest any such issues. As such, Ms. West only disputes factual matters and objects to the Veterans Court's application of the law to the facts of her case. Because we may not review factual determinations or the application of the law to the facts, Ms. West's challenge to the Veterans Court's decision is limited to matters over which we do not have jurisdiction.

In conclusion, "[i]n the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, we have no authority to consider the appeal." *Livingston v. Derwinski*, 959 F.2d 224, 226 (Fed. Cir. 1992). Accordingly, we dismiss Ms. West's appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.

**DISMISSED**