NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT J. MAY,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7066

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-3958, Judge Mary J. Schoelen.

---

Decided: October 7, 2010

---

ROBERT J. MAY, of Port Townsend, Washington, pro se.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and JAMIE L. MUELLER, Attorney. Of counsel was MICHAEL G. DAUGHERTY, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, LOURIE, and BRYSON, *Circuit Judges*.

PER CURIAM.

Robert J. May appeals from the judgment of the United States Court of Appeals for Veterans Claims ("the Veterans Court"), which (1) dismissed May's appeal of an order by the Board of Veterans' Appeals ("the Board") to remand his claims, and (2) affirmed the Board's order to dismiss with prejudice May's motion to revise an earlier decision of the Board. *May v. Shinseki*, No. 08-3958, 2009 WL 2730493 (Vet. App. Aug. 31, 2009). Because the Veterans Court correctly determined that the Board's remand order was not a "decision" under 38 U.S.C. § 7252, and because we lack jurisdiction to review the Veterans Court's dismissal of May's motion under 38 C.F.R. § 20.1400(b), we *affirm in part* and *dismiss in part*.

## BACKGROUND

May served on active duty from August 1974 to November 1986. In a series of decisions between August 1995 and June 2002, the Regional Office of the Department of Veterans Affairs ("the RO") granted service connection and assigned a disability rating of 10% for incomplete paralysis of the sciatic nerve and denied May's claims for service connection for thoracic spine and back

disabilities. May appealed to the Board, and on March 7, 2003, the Board issued a decision affirming the RO's determinations. May then filed with the Board a motion for revision of the Board's decision based on clear and unmistakable error ("the CUE motion") and a motion for reconsideration. The Board denied both motions. May appealed the denial of his CUE motion to the Veterans Court. While that appeal was pending, May also directly appealed the Board's decision to the Veterans Court. The Veterans Court vacated and remanded the Board's denial of May's CUE motion, ordering the Board to hold the matter in abeyance under 38 C.F.R. § 20.1410 until the Veterans Court decided the direct appeal of the Board decision. *May v. Nicholson*, 19 Vet. App. 310, 320 (2005). The Veterans Court then decided the direct appeal, vacating and remanding the Board's decision for additional factual determinations. *May v. Nicholson*, No. 04-1057, 2007 WL 2115179, at *1 (Vet. App. July 19, 2007).

On July 18, 2008, the Board issued two orders. In one order ("Board Order 1"), the Board remanded May's disability claims to the RO for additional evidence and examination. In the other order ("Board Order 2"), the Board dismissed with prejudice the CUE motion. May appealed both orders to the Veterans Court.

On August 31, 2009, the Veterans Court decided May's appeals. The court dismissed the appeal of Board Order 1 for lack of jurisdiction. The court determined that Board Order 1 was not a "decision" within the meaning of 38 U.S.C. §§ 7252(a) and 7266(a), and therefore May's appeal was outside its jurisdiction. *May*, 2009 WL 2730493, at *2. In addition, the court affirmed Board Order 2, reasoning that 38 C.F.R. § 20.1400(b) prohibits a CUE motion relating to a Board decision that has been appealed to the Veterans Court. *Id.* at *3.

May timely appealed to this court. Our jurisdiction in appeals from the Veterans Court rests on 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review of a Veterans Court decision is governed by 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We may not, absent a constitutional issue, review challenges to factual determinations or challenges to the application of a law or regulation to facts. *Id.* § 7292(d)(2). Whether the Veterans Court possessed jurisdiction over May's appeal is a legal issue that we review without deference. *See Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000).

With regard to Board Order 1, we must determine whether the Veterans Court properly dismissed the appeal for lack of jurisdiction. May argues that the Veterans Court had jurisdiction to review Board Order 1. He asserts that the Veterans Court misinterpreted 38 U.S.C. § 7252(a) in concluding that it lacked jurisdiction to review the Board's remand order. He further asserts that the Board, in deciding to remand to the RO, made implicit final decisions relating to his disability claims, and that the Veterans Court had jurisdiction on account of these implicit decisions.

In response, the Secretary of Veterans Affairs ("the Secretary") argues that the Veterans Court correctly determined that it lacked jurisdiction over Board Order 1. The Secretary asserts that the Veterans Court may not

review a Board remand order, because it is neither a "decision" under 38 U.S.C. § 7252(a) nor a "final decision" under 38 U.S.C. § 7266(a).

In *Kirkpatrick v. Nicholson*, we considered whether an order to remand a claim to an RO is a "decision" of the Board under 38 U.S.C. § 7252(a). 417 F.3d 1361, 1362 (Fed. Cir. 2005). In that case, the Veterans Court had dismissed the veteran's appeal of a Board remand order on the basis that it was not a final decision over which the Veterans Court had jurisdiction. On appeal, we stated that "[o]ur case law and section 7104(d)(2) define a Board decision as including an order granting appropriate relief or denying relief." *Id.* at 1364. We noted that the Board's remand order contained no decision granting or denying relief, and we concluded that the veteran's contentions that the Board's order contained an implicit denial of relief were without merit. *Id.* at 1364–65. We therefore held that the Board remand order was not a decision under § 7252(a) and that the Veterans Court correctly concluded that it lacked jurisdiction over the veteran's appeal. *Id.* at 1364.

Like the remand order in *Kirkpatrick*, Board Order 1 does not grant or deny relief. It merely remands May's case to the RO for additional factual development. Board Order 1 does not reach the merits of May's claims, and following remand, May retains the right to pursue appellate review of an adverse final decision of the Board. Moreover, the Board did not implicitly deny May's claims by failing to address them in the remand order. As we have explained, if the Board does not render a decision on an issue, the Veterans Court has no jurisdiction to consider the issue under § 7252(a). *Howard*, 220 F.3d at 1344. Thus, the Board's silence on a particular issue in Board Order 1 is not an implicit denial of that issue

serving to confer jurisdiction on the Veterans Court. *See Kirkpatrick*, 417 F.3d at 1365 (stating that the veteran's "claim that the Board's refusal to address his arguments should be reviewed as a decision of the Board is without merit."). We therefore conclude that the Veterans Court correctly determined that it did not have jurisdiction over May's appeal of Board Order 1.

With regard to Board Order 2, we must as a threshold matter determine whether May raises an issue over which we have jurisdiction. As we stated above, although we may review the Veterans Court's interpretation of a regulation, we may not review a challenge to the application of a regulation to the facts. 38 U.S.C. § 7292(d). May argues that the Veterans Court, in affirming the Board's dismissal of the CUE motion, misinterpreted 38 C.F.R. § 20.1400. May argues that the Veterans Court lacked authority to affirm the dismissal of his CUE motion, because the CUE motion had already been vacated by the Veterans Court. Thus, May asserts that "the Board never should have reviewed the 'dead [CUE] motion' in the first place."

In response, the Secretary argues that the Veterans Court did not interpret 38 C.F.R. § 20.1400, but merely applied this regulation to the facts of May's case. The Secretary asserts that the court did not discuss or expand, and thus did not interpret, this regulation.

Section 20.1400(b) provides that a final Board decision may not be reviewed for CUE if the decision was "appealed to and decided by a court of competent jurisdiction." Here, the Veterans Court affirmed the Board's dismissal of May's CUE motion, reasoning that "§ 1400(b) prohibits CUE motions as to Board decisions that have been appealed to this Court." *May*, 2009 WL 2730493, at

*3.  We fail to see how the court's decision involved an interpretation of § 1400(b).  The Veterans Court merely restated the language of the regulation before applying it to the facts of May's case; the court did not interpret or elaborate upon the meaning of the regulation.  Even if the Veterans Court did interpret § 20.1400(b), we do not perceive any error in the court's decision.  Moreover, to the extent that May challenges the court's application of § 20.1400(b) to the facts of his case, we lack jurisdiction to consider any such challenge.  We therefore dismiss May's appeal regarding Board Order 2 for lack of jurisdiction.

We have considered May's other arguments regarding Board Orders 1 and 2, and we find them unpersuasive.

CONCLUSION

The Veterans Court correctly determined that it did not have jurisdiction to consider May's appeal of the Board's order remanding May's case to the RO.  Moreover, we lack jurisdiction to hear May's appeal of the Veterans Court's decision to dismiss May's CUE motion.  We therefore affirm in part and dismiss in part.

**AFFIRMED IN PART and DISMISSED IN PART**

COSTS

No costs.