NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BETTYE J. SMITH,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7132

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 10-968, Judge Kenneth B. Kramer.

---

Decided: January 19, 2011

---

BETTYE J. SMITH, Crossett, Arkanasas, pro se.

RENEE GERBER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Attorney General, JEANNE E.

DAVIDSON, Director, and MARTIN HOCKEY, Assistant Director.

––––––––––––––––

Before NEWMAN, GAJARSA, AND MOORE, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Ms. Bettye J. Smith appeals the decision of the United States Court of Appeals for Veterans Claims, dismissing her appeal of a decision of the Board of Veterans Appeals denying her request for dependency and indemnity compensation ("DIC") and other benefits as daughter of James A. Spencer, a veteran who died in October 1996. Ms. Smith asserts that she cared for Spencer in his final years, that she was disabled, and that it was his desire that she be looked after upon his death.

In 2006, the Regional Office ("RO") in Little Rock, Arkansas denied her claims. The RO found that Ms. Smith could not receive accrued benefits because the veteran was not owed anything by the VA at the time of his death. The RO also found that Ms. Smith was not eligible for dependency benefits because she was not a surviving spouse of the veteran; and because she had previously been married, said marriage terminating entitlement to any award as child of the veteran; and because her disability began after age 18.

Ms. Smith appealed to the Board of Veterans Appeals. In June 2009 the Board remanded to the RO, finding that Ms. Smith had requested a Travel Board hearing, and was entitled to have such a hearing and to present evidence. The record does not state that the hearing occurred, and on March 19, 2010 Ms. Smith appealed the Board's decision to the Veterans Court. In her appeal to the Veterans Court, Ms. Smith presented argument as to her eligibility for the benefits sought. The Veterans Court held that, because the

Board had remanded the case to the RO, there was not a final decision of the Board that was ripe for appeal. The Veterans Court therefore dismissed the appeal for lack of jurisdiction. Ms. Smith now appeals this dismissal.

## DISCUSSION

This court has previously considered whether the Board's order to remand a claim to an RO is an appealable decision under 38 U.S.C. § 7252(a). In *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1362 (Fed. Cir. 2005), the Veterans Court had dismissed the appeal of a Board remand order on the basis that it was not a final decision. On appeal, we stated that "[o]ur case law and section 7104(d)(2) define a Board decision as including an order granting appropriate relief or denying relief." *Id*. at 1364. Because the Board's remand order contained no decision granting or denying relief, we rejected that the veteran's contention that the Board's order contained an implicit denial of relief. *Id*. at 1364-65. This court held that the Board's remand order was not a decision under § 7252(a), and was not appealable. *Id*. at 1364. In considering this issue again in *May v. Shinseki*, 2010 U.S. App. LEXIS 20685 (Fed. Cir. 2010), this court explained:

> Like the remand order in *Kirkpatrick*, [the order] does not grant or deny relief. It merely remands May's case to the RO for additional factual development. [The order] does not reach the merits of May's claims, and following remand, May retains the right to pursue appellate review of an adverse final decision of the Board. Moreover, the Board did not implicitly deny May's claims by failing to address them in the remand order. As we have explained, if the Board does not render a decision on

an issue, the Veterans Court has no jurisdiction to consider the issue under § 7252(a).

*Id*. at \*6.  Ms. Smith similarly remains entitled to the hearing that was ordered by the Board on remand, and to appellate review of any decision resulting from that hearing.

### CONCLUSION

The Veterans Court correctly determined that it lacked jurisdiction to consider Ms. Smith's appeal of the Board's order remanding her case to the RO.  We therefore affirm.

No costs.

**AFFIRMED**