# United States Court of Appeals for the Federal Circuit

04-7135

JAMES R. KIRKPATRICK,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Ronald L. Smith, Disabled American Veterans, of Washington, DC, argued for claimant–appellant.

Claudia Burke, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Brian M. Simkin, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Acting Assistant General Counsel, and Ethan G. Kalett, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

04-7135

JAMES R. KIRKPATRICK,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  August 8, 2005

_____

Before LOURIE, CLEVENGER, and LINN Circuit Judges.

LINN, Circuit Judge.

James R. Kirkpatrick ("Kirkpatrick") appeals from the judgment of the United States Court of Appeals for Veterans Claims ("Veterans' Court") dismissing his appeal for lack of jurisdiction.  Kirkpatrick v. Principi, No. 04-106 (Vet. App. May 20, 2004).  Because the Veterans' Court correctly determined that it lacked jurisdiction over Kirkpatrick's appeal, we affirm.

## I.  BACKGROUND

Kirkpatrick's claim for a disability rating in excess of 30% for his service-connected post-traumatic stress disorder was denied by the Board of Veterans' Appeals ("Board") in September 2000.  Kirkpatrick appealed that decision to the Veterans' Court.  In December 2002, the Veterans' Court vacated the Board's decision and remanded the case based on the Board's failure to address evidence favorable to Kirkpatrick and the

Board's improper weighing of certain medical evidence. <u>Kirkpatrick v. Principi</u>, No. 00-2132, slip op. at 7-9 (Vet. App. Dec. 3, 2002). On remand to the Board, the Board noted that Kirkpatrick's most recent medical examination was from 1997 and that his most recent records of treatment were from the 1990s. <u>In re Kirkpatrick</u>, No. 98-04 764A, slip op. at 2 (Bd. Vet. App. Sept. 9, 2003). The Board then remanded the case to the Regional Office for additional medical examinations based on its determination that disability ratings should be based on "the present level of disability." <u>Id.</u> at 3-5.

Kirkpatrick appealed the Board's remand order to the Veterans' Court. On appeal, the Secretary of Veterans Affairs ("the Secretary") filed a motion to dismiss on the basis that the Board's remand order that was the subject of the appeal was not a final decision. Kirkpatrick opposed that motion. The Veterans' Court granted the Secretary's motion to dismiss, holding that a Board remand is not a final decision over which the Veterans' Court has jurisdiction. The Veterans' Court also rejected Kirkpatrick's alternative argument that it should treat his opposition as a petition for extraordinary relief. <u>Kirkpatrick v. Principi</u>, No. 04-106, slip op. at 2 (Vet. App. May 20, 2004).

Kirkpatrick appeals from the decision of the Veterans' Court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

### A. Standard of Review

The scope of this court's review of a decision of the Veterans' Court is governed by 38 U.S.C. § 7292(d). In accordance with the statute, this court "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions."

38 U.S.C. § 7292(d)(1) (2000).  This court reviews an interpretation of a statute by the Veterans' Court de novo.  Jones v. Brown, 41 F.3d 634, 637 (Fed. Cir. 1994).  However, except to the extent an appeal raises a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2) (2000).

## B.  Analysis

The Secretary challenges this court's jurisdiction, arguing that the case is not ripe for judicial review because the agency's decision is not final.  We address this question first because it pertains to our own jurisdiction.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("'On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.'" (quoting Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453 (1900))).  The Secretary's argument relies on the fact that the agency action appealed to the Veterans' Court was not final.  That was at least partially the basis for the Veterans' Court's decision.  Thus, despite the Secretary's separate argument, we conclude that this issue is intertwined with the basis for the Veterans' Court's decision below.  We have jurisdiction to review that decision.  See 38 U.S.C. § 7292(a) (Supp. II 2002) ("[A]ny party to the case may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision.");  Allen v. Principi, 237 F.3d 1368, 1375 (Fed. Cir. 2001) ("This court has jurisdiction to review any decision of the Veterans Court regarding 'the validity of any statute or

regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision.'" (quoting 38 U.S.C. § 7292(a) (2000))).

The Veterans' Court's jurisdictional statute, 38 U.S.C. § 7252(a), grants it authority to review "decisions" of the Board. The statute states: "The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review <u>decisions</u> of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a) (2000) (emphasis added). However, the statute governing procedure for such appeals, 38 U.S.C. § 7266, only refers to a "final decision." That statute states:

> In order to obtain review by the Court of Appeals for Veterans Claims of <u>a final decision</u> of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.

<u>Id.</u> § 7266(a)(1) (emphasis added). Despite the language discrepancy, the Veterans' Court held that it only had jurisdiction to review final decisions of the Board. <u>Kirkpatrick v. Principi</u>, No. 04-106, slip op. at 2 (Vet. App. May 20, 2004).

Kirkpatrick challenges the Veterans' Court's interpretation of its jurisdictional statutes, 38 U.S.C. §§ 7252 and 7266. First, Kirkpatrick argues that the difference in the language of the relevant statutory provisions must be given effect. He thus contends that "decisions" in section 7252(a) cannot be construed to mean "final decision" as used in section 7266. Kirkpatrick also challenges the Veterans' Court's reliance on <u>Howard v. Gober</u>, 220 F.3d 1341 (Fed. Cir. 2000), and its reliance on <u>Breeden v. Principi</u>, 17 Vet. App. 475 (2004), which, in turn, relied on this court's decision in <u>Maggitt v. West</u>, 202 F.3d 1370 (Fed. Cir. 2000). Finally, Kirkpatrick argues that our decisions in <u>Adams v. Principi</u>, 256 F.3d 1318, 1321 (Fed. Cir. 2001), and <u>Williams v. Principi</u>, 275 F.3d 1361, 1364 (Fed. Cir. 2002)—in which this court held that

04-7135                                                4

it had jurisdiction to review remand orders of the Veterans' Court where those remand orders would become moot after the remand had taken place—should be applied to the Veterans' Court's review of Board decisions.[*]

In response, the Secretary argues that a Board remand order is not a decision as defined by 38 U.S.C. § 7104(d) and by our decision in Maggitt. The Secretary also argues that interpreting section 7252(a) to confer broader jurisdiction than that for which section 7266(a) provides procedural guidelines would lead to the ability to appeal non-final decisions without regard to deadlines or procedures and would improperly expand the jurisdiction of the Veterans' Court. Additionally, the Secretary defends the Veterans' Court's reliance on Howard and Breeden, and in turn Maggitt. The Secretary urges that, in any event, the Veterans' Court's jurisdiction is limited by the rule of finality and that, in view of the differences in jurisdictional statutes, this court's decision in Williams v. Principi is inapplicable to the Veterans' Court. Finally, the Secretary contends that this case is not ripe for judicial review because the agency has not completed its decision-making process and that this court lacks jurisdiction to review the propriety of the Board's remand order in this case because such an inquiry is factual.

In Ledford v. West, 136 F.3d 776 (Fed. Cir. 1998), this court held that a claim that a Department of Veterans Affairs' regulation was invalid could not be adjudicated by the Veterans' Court in the first instance because it was not the subject of a "decision" by the Board under section 7252(a). In Maggitt v. West, 202 F.3d 1370 (Fed. Cir. 2000), we held that the Veterans' Court erred when it held that under Ledford it did not have

---

[*] Kirkpatrick does not raise before this court, and has thus waived, the alternative argument presented to the Veterans' Court that his petition for review be treated as a petition for extraordinary relief.

jurisdiction to hear arguments raised for the first time before the Veterans' Court. In reaching that decision, we said that "[t]he government is correct in the assertion that the jurisdiction of the Veterans Court by statute only reaches to a 'decision of the Board.'" Id. at 1375 (quoting 38 U.S.C. § 7252(a) (1994)). We then said, "A 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . , or they are denied." Id. at 1376. Our definition of "decision" in section 7252 is in line with the definition of a Board decision in 38 U.S.C. § 7104, the Board's jurisdictional statute. Section 7104(d) states, "Each decision of the Board shall include— . . . (2) an order granting appropriate relief or denying relief."

We agree with the Secretary that the Board's remand in this case was not a "decision" within the meaning of Maggitt and section 7104(d)(2). Section 7252(a) provides jurisdiction for the Veterans' Court to review "decisions of the Board of Veterans' Appeals." Our case law and section 7104(d)(2) define a Board decision as including an order granting appropriate relief or denying relief. The Board's remand in this case contains no order granting or denying relief.

Kirkpatrick argues that the Board's remand order contained an implicit denial of relief. He argues that on remand from the Veterans' Court, the Board's jurisdiction is limited to those matters contained in the remand order. He points out that the Board's remand in this case was to obtain additional evidence that could not possibly affect the outcome of his claim. Thus, in his view, the remand order was outside the jurisdiction of the Board. He concludes that "[t]he Board's decision to depart from the CAVC's remand order was a final decision on the question of whether the Board's jurisdiction on remand

was limited to carrying out the CAVC's remand order." We cannot agree. The Board's remand order does not address the issue of the Board's jurisdiction at all. Ledford, 136 F.3d at 779 ("[T]he [Veterans' Court's] jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed."). Kirkpatrick argues that he presented his arguments to the Board and that "[t]he Board's refusal to address the arguments presented by the Veteran in support of his motion for reconsideration should be treated as a rejection of those arguments for the purpose of an appeal to the CAVC." That argument, however, was expressly rejected in Howard v. Gober.

In Howard, the appellant, Howard, raised a clear and unmistakable error claim before the Board, but the Board did not rule on it. 220 F.3d at 1343. Instead, the Board remanded a separate claim to the Regional Office for evaluation of evidence without mentioning his claim of clear and unmistakable error. On appeal, the Veterans' Court refused to address his clear and unmistakable error claim because it was not the subject of a Board decision. Id. Howard again appealed to this court, and we affirmed stating:

> As we explained in Ledford, the Court of Appeals for Veterans Claims' jurisdiction "is premised on and defined by the Board's decision concerning the matter being appealed," and when the Board has not rendered a decision on a particular issue, the court has no jurisdiction to consider it under section 7252(a).

Id. at 1344 (quoting Ledford, 136 F.3d at 779). Thus, Kirkpatrick's claim that the Board's refusal to address his arguments should be reviewed as a decision of the Board is without merit.

We also reject Kirkpatrick's contention that our decisions in Adams and Williams should be applied to the Veterans' Court's review of Board decisions. In Adams, we held that in certain circumstances this court has jurisdiction to review a remand order of

the Veterans' Court even though the remand order was not a final decision. 256 F.3d at 1320-21. In Williams, this court articulated a general rule based on our prior cases, including Adams, as to when this court would depart from the strict rule of finality and review a remand order from the Veterans' Court. 275 F.3d at 1364. Those cases, however, were limited to the context of this court's review of a remand order by the Veterans' Court. They did not address when the Veterans' Court should extend its jurisdictional requirement to review a Board remand order. This distinction is important. Because the Board is within the Department of Veterans Affairs, repeated appeals of Board remand orders would necessarily interfere in the agency's internal processing of claims in a manner unlike this court's review of Veterans' Court remand orders. Although some of the concerns associated with review of Board remand orders may also apply to review of Veterans' Court remand orders, many do not. For example, the Supreme Court has made clear in the context of the exhaustion doctrine that courts should respect the congressional delegation of authority to agencies in the matters entrusted to them and should also respect their specialized expertise in deciding the matters before them. McCarthy v. Madigan, 503 U.S. 140, 145 (1992). Thus, we will not extend the exceptions to finality of Adams and Williams to Board remand orders.

Because we agree with the Secretary that the Board's remand in this case was not a decision within the meaning of section 7252(a), we do not reach Kirkpatrick's additional arguments concerning whether section 7252(a) limits Veterans' Court jurisdiction to "final" Board decisions. Additionally, because we affirm the Veterans' Court's judgment, we need not reach the Secretary's additional argument that this court is without jurisdiction to review the Board's remand order because of its factual nature.

CONCLUSION

Because the Veterans' Court correctly concluded that it lacked jurisdiction over Kirkpatrick's appeal, we affirm the Veterans' Court's dismissal of Kirkpatrick's appeal for lack of jurisdiction.

AFFIRMED