NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MICHAEL R. GERI,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7055

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1224, Judge Lawrence B. Hagel.

---

Decided:  February 2, 2011

---

MICHAEL D.J. EISENBERG, Law Offices of Michael D.J. Eisenberg, of Washington, DC, for claimant-appellant.

DAWN E. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. On the brief were TONY WEST, Assistant Attorney Gen-

eral, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and MARTIE ADELMAN, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

---

Before GAJARSA, DYK, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

Appellant Michael R. Geri appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board's") denial of his request for an increased disability rating for epilepsy and headaches. *Geri v. Shinseki*, No. 08-1224, 2009 WL 3720581 (Vet. App. Nov. 9, 2009) ("*Veterans Court Decision*"). Because the Veterans Court correctly interpreted its jurisdictional statute in concluding that Mr. Geri's objections to the Board's decision were beyond the jurisdiction of the Veterans Court, we *affirm*.

## BACKGROUND

Mr. Geri served on active duty in the U.S. Army from June 1977 until February 1984. In July 1984, Mr. Geri filed claims for disability benefits for several conditions, including grand mal epilepsy, headaches, and atypical personality disorder. In September 1984, the Department of Veterans Affairs Regional Office ("RO") granted Mr. Geri a 100% disability rating for service-connected grand mal epilepsy and a 30% disability rating for headaches, effective from Mr. Geri's discharge from the service in February 1984. In December 1986, the RO reduced Mr. Geri's disability ratings for epilepsy and headaches to

10% for each disability ("1986 RO Disability Ratings Reduction"). Mr. Geri appealed these reductions to the Board. In September 1991, the Board granted an increase in Mr. Geri's disability rating for headaches to 30%, effective from the time of the 1986 RO Disability Ratings Reduction, but denied an increase in his disability rating in excess of 10% for epilepsy ("September 1991 Board Decision"). Mr. Geri did not appeal the September 1991 Board Decision.

In June 1999, Mr. Geri sought to reopen his claims for disability benefits for epilepsy and headaches based on increased symptom severity. In June 2000, Mr. Geri filed a separate claim for total disability based on individual unemployability ("TDIU") for a psychiatric disorder. In July 2000, the RO denied Mr. Geri an increased disability rating for epilepsy and headaches as well as his TDIU claim.

In December 2005, the RO granted Mr. Geri a 100% disability rating for dementia, effective from June 2000, and concluded that this rating rendered moot Mr. Geri's TDIU claim. In a separate Supplemental Statement of the Case, also issued in December 2005, the RO found insufficient evidence to increase Mr. Geri's disability ratings for epilepsy and headaches.

In December 2005, Mr. Geri filed an appeal to the Board, requesting that the Board (1) vacate or reverse the September 1991 Board Decision or (2) reverse the 1986 RO Disability Ratings Reduction. The Board certified Mr. Geri's appeal, defining the issues on appeal as whether Mr. Geri was entitled to an increased disability rating for epilepsy and headaches. In August 2007, the Board issued a decision on Mr. Geri's appeal ("August 2007 Board Decision"). The Board found that the Department

of Veterans Affairs ("VA") had complied with its duty to notify and assist Mr. Geri. The Board determined that the only issues on appeal were Mr. Geri's entitlement to a disability rating in excess of 10% for epilepsy and in excess of 30% for headaches. Upon analysis, the Board denied Mr. Geri an increased disability rating for both epilepsy and headaches.

Mr. Geri appealed the August 2007 Board Decision to the Veterans Court. On appeal, Mr. Geri argued (1) that he submitted an informal claim for TDIU and for disability benefits for a psychological disorder when he initially filed for benefits in 1984 and the Board erred by failing to address the effective date of his benefits based on this informal claim and (2) the Board erred in concluding that the VA satisfied its duty to assist in developing his claim for a psychological disorder because the VA did not obtain a medical examination in 1984. *Veterans Court Decision* at *2.

On November 9, 2009, the Veterans Court affirmed the August 2007 Board Decision. *Id.* at *1, *3. First, the Veterans Court determined that it lacked jurisdiction to address Mr. Geri's argument regarding his alleged informal claims for TDIU and for disability benefits for a psychological disorder, because Mr. Geri did not raise the issue in his appeal before the Board and thus the August 2007 Board Decision did not address the issue. *Id.* at *2. Further, the Veterans Court concluded that it did not have jurisdiction to address Mr. Geri's duty to assist argument, because the argument was unrelated to the only claims Mr. Geri raised before the Board, namely his claims for disability benefits for epilepsy and headaches. *See id.* at *2-3.

Mr. Geri timely appealed to this court. We have jurisdiction under 38 U.S.C. § 7292(c).

## DISCUSSION

"Our jurisdiction to review the decisions of the [Veterans Court] is limited by statute." *Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000). Under 38 U.S.C. § 7292(d)(2), we may not review (1) "a challenge to a factual determination" or (2) "a challenge to a law or regulation as applied to the facts of a particular case" unless the challenge presents a constitutional issue. Section 7292(a), however, provides that we may review the validity of the Veterans Court's decision "on a rule of law or of any statute or regulation . . . or any interpretation thereof" that the Veterans Court relied on in making its decision. 38 U.S.C. § 7292(a).

On appeal, Mr. Geri argues that the Veterans Court erred in interpreting its jurisdictional statute in holding that it was barred from considering his arguments regarding his alleged informal claim as well as the VA's failure to comply with its duty to assist.[1] We have juris-

---

[1] In response to the government's argument that we lack jurisdiction over Mr. Geri's case, Mr. Geri, in his reply brief, also argues that he was denied his constitutional right to due process and notice. Appellant's Reply Br. 1, 4. Mr. Geri merely references these constitutional rights and does not flesh out his constitutional argument in any detail. As such, we reject this frivolous constitutional argument. Further, we note that Mr. Geri waived the argument because he does not appear to have raised the argument before the Board or the Veterans Court and he did not raise it on appeal until his reply brief. *See Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1240 n.16 (Fed. Cir. 2008) ("[A]n issue not raised by an appellant in its opening brief . . . is waived.").

diction to address Mr. Geri's appeal "because the appeal concerns the Veterans Court's interpretation of its jurisdictional statute, 38 U.S.C. § 7252(a)." *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002). We review such legal issues without deference. *Id.*

We hold that the Veterans Court did not err in interpreting its jurisdictional statute in concluding that it lacked jurisdiction to consider Mr. Geri's arguments. Section 7252(a) defines the jurisdiction of the Veterans Court and provides that the Veterans Court "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. . . . The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. § 7252(a). This statute makes clear that the Veterans Court's "jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed." *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998). In other words, "the jurisdiction of the Veterans Court by statute only reaches to a 'decision of the Board.'" *Maggitt v. West*, 202 F.3d 1370, 1375 (Fed. Cir. 2000). As such, where the veteran raises claims before the Veterans Court "that ha[ve] never been presented to or decided by the [Board]," there is "no Board decision on th[e] claims" within the meaning of § 7252(a) and "the Veterans Court lack[s] jurisdiction to adjudicate them." *Andre*, 301 F.3d at 1360-61; *see Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005); *Maggitt*, 202 F.3d at 1376-77.

Here, the Veterans Court correctly interpreted its jurisdictional statute in holding that Mr. Geri's arguments were outside its jurisdiction because they involved claims that he did not present to the Board and were not decided in the Board's decision. Specifically, Mr. Geri's arguments to the Veterans Court involved his claim for bene-

fits for a psychological disorder and his alleged informal claims for TDIU and for benefits for a psychological disorder. The Board, however, has never issued a decision involving these claims. Indeed, the two Board decisions on Mr. Geri's claims involved only his claims for disability benefits for epilepsy and headaches. First, the September 1991 Board Decision granted an increase in Mr. Geri's disability rating for headaches to 30% but denied an increase in his disability rating for epilepsy. Second, in his appeal to the Board that resulted in the August 2007 Board Decision, Mr. Geri challenged the September 1991 Board Decision and the 1986 RO Disability Ratings Reduction, both of which exclusively involved his claims for disability benefits for epilepsy and headaches. In the 1986 RO Disability Ratings Reduction, the RO reduced Mr. Geri's disability ratings for epilepsy and headaches to 10% for each disability. When Mr. Geri appealed these reductions to the Board, the Board issued the September 1991 Board Decision, wherein the Board maintained his disability rating for epilepsy at 10% but increased his disability rating for headaches to 30%. The Board certified the issues on appeal as whether Mr. Geri was entitled to an increased disability rating for epilepsy and headaches, and Mr. Geri's claims for disability benefits for epilepsy and headaches are the only claims adjudicated in the August 2007 Board Decision.

Because the only claims raised to and decided by the Board were Mr. Geri's claims for disability benefits for epilepsy and headaches, there is no Board decision within the meaning of 38 U.S.C. § 7252(a) regarding Mr. Geri's alleged informal claims or his claim for benefits for a psychological disorder.[2] Thus, the Veterans Court cor-

---

    [2] In a footnote in both his opening and reply brief, Mr. Geri argues that this case should be stayed because it

rectly interpreted its jurisdictional statute in concluding that it lacked jurisdiction to consider Mr. Geri's arguments regarding his alleged informal claims and claim for benefits for a psychological disorder.

## COSTS

Each party shall bear its own costs.

## **AFFIRMED**

---

may be affected by the outcome of *Henderson v. Shinseki*, which is currently pending before the Supreme Court. Appellant's Br. 11 n.1; Appellant's Reply Br. 3 n.2. *Henderson*, however, involves the applicability of equitable tolling to 38 U.S.C. § 7266(a), which governs the time limit for filing a notice of appeal with the Veterans Court. 589 F.3d 1201 (Fed. Cir. 2009). This issue is entirely distinct from that presented in this case involving the Veterans Court's lack of jurisdiction, pursuant to 38 U.S.C. § 7252(a), over claims not presented to or decided by the Board. Accordingly, there is no reason to stay this case pending the Supreme Court's decision in *Henderson*.