NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT ROLLERSON,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7141

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-4538, Judge Kenneth B. Kramer.

---

Decided: February 9, 2011

---

ROBERT ROLLERSON, of Las Vegas, Nevada, pro se.

SARAH A. MURRAY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M.

HUGHES Deputy Director. Of Counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and DANA RAFFAELLI, Attorney, United States Department of Veterans Affairs, of Washington, DC.

--------

Before RADER, *Circuit Judge*, DYK and PROST, *Circuit Judges*.

PER CURIAM.


Robert Rollerson appeals from the judgment of the United States Court of Appeals for Veterans Claims (the "Veterans' Court") dismissing his appeal for lack of jurisdiction. We have jurisdiction under 38 U.S.C. § 7292. Because the Veterans' Court correctly determined that it lacked jurisdiction over Mr. Rollerson's appeal because the Board of Veterans' Appeals ("Board") has not reached a final decision on the underlying claim, we *affirm*.

### BACKGROUND

Mr. Rollerson appealed a 2006 Regional Office rating decision denying him certain disability ratings. On appeal, the Board issued a decision granting a compensable initial rating on one of Mr. Rollerson's entitlement claims, denying another, and remanding several additional entitlement issues to the Regional Office for further development. Among the remanded issues was Mr. Rollerson's claim for a total disability rating based on individual unemployability ("TDIU") due to service-connected disability. The Board noted that Mr. Rollerson's entitlement claim folder was missing potentially pertinent information about his vocational rehabilitation training. The Board remanded the TDIU claim so that Mr. Rollerson's vocational rehabilitation records could be

associated with his claims folder.  The Board's decision included an attachment explaining that allowed, denied, and dismissed claims can be appealed to the Veterans' Court.  The attachment further explained that issues remanded for additional development may not be appealed to the Veterans' Court.

Mr. Rollerson appealed a single issue from the Board's decision to the Veterans' Court—the TDIU claim. The Secretary of Veterans Affairs filed a motion to dismiss the appeal because a remand order is not a final Board decision that is subject to appeal.  Following our precedent in *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005), the Veterans' Court concluded that it did not have jurisdiction to review the Board's remand order.  The Veterans' Court explained that Mr. Rollerson must wait to appeal until the Board issues a final decision on the merits of the TDIU claim following additional development of the record.

Mr. Rollerson now appeals from the decision of the Veterans' Court.  He asks this court to make a final decision on the TDIU claim and to close his case.  He believes that remanding the TDIU claim is a "money and time waster," and he would like this court to decide his claim based on the evidence he submitted to this court with his appeal brief.

## DISCUSSION

This court's precedent forecloses the relief Mr. Rollerson requests.  *See Kirkpatrick*, 417 F.3d at 1364-66.  The Board has not yet decided Mr. Rollerson's TDIU claim. We have previously explained that the Veterans' Court's jurisdiction is limited to reviewing Board "decisions." *Id*. A Board "decision" is an order granting or denying relief.

*Id.* at 1364. A remand order such as the one at issue in this case does not grant or deny relief, and thus it is not reviewable by the Veterans' Court. *Id.*

The Board remanded the TDIU claim for further development concerning Mr. Rollerson's participation in a vocational rehabilitation program through the U.S. Department of Veterans Affairs and his inability to obtain employment. The Board concluded that such information was pertinent to its evaluation of the claim. Mr. Rollerson concedes that these records are not currently part of his claim file despite repeated requests. He points to various hurdles to obtaining the requested information, including the fact that his case manager from that time has retired and the vocational training program he participated in is now closed.

While we appreciate that Mr. Rollerson is anxious to have his claim resolved, it is the Board, rather than this court, that must do so in the first instance. We remind Mr. Rollerson that if the information the Board requested is unavailable, the Board asked that this fact be noted for the record. The Board also indicated that Mr. Rollerson has the right to submit additional evidence and argument on his remanded TDIU claim. Once such factual development is complete, the Board can make a final decision approving or denying the claim. If he wishes to do so, Mr. Rollerson will have the opportunity to appeal the Board's final decision to the Veterans' Court at that time.

CONCLUSION

Because the Veterans' Court correctly concluded that it did not have jurisdiction over Mr. Rollerson's appeal, we affirm the Veterans' Court's dismissal of Mr. Rollerson's appeal for lack of jurisdiction.

Costs

Each party shall bear its own costs.

**AFFIRMED**