NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HENRY F. GILCHRIST,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7113

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 10-3190, Judge Ronald M. Holdaway.

---

Decided: August 5, 2011

---

HENRY F. GILCHRIST, of Chesnee, South Carolina, pro se.

SARAH A. MURRAY, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK MANHARDT, Assistant Director.

—————————————————

Before LOURIE, MOORE, and REYNA, *Circuit Judges*.

PER CURIAM.

Henry F. Gilchrist appeals from the decision of the Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal for lack of jurisdiction. Because the Veterans Court correctly determined it lacked jurisdiction over Mr. Gilchrist's appeal, we *affirm*.

## BACKGROUND

Mr. Gilchrist seeks "benefits at 100% unemployable." This request was originally denied by the Department of Veterans Affairs Regional Office (RO) in 2010, and Mr. Gilchrist appealed the decision to the Board of Veterans Appeals (Board). The Board remanded the appellant's claim to the RO for further consideration and development. Mr. Gilchrist filed a Notice of Appeal from the Board's decision. The Secretary of Veterans Affairs moved to dismiss the appeal for lack of jurisdiction.

Citing our decision in *Kirkpatrick v. Nicholson*, 417 F.3d 1361 (Fed. Cir. 2005), the Veterans Court held the Board's remand was not a final decision. Accordingly, the Veterans Court dismissed Mr. Gilchrist's appeal for lack of jurisdiction. The Veterans Court explained Mr. Gilchrist's response did "not adequately address the issue of the Court's jurisdiction to review the instant appeal." Appellee's Infr. Br. App. 1. The Veterans Court indicated that, "[i]f and when a final Board decision is issued on remand, any matter determined in such a decision may be appealed to this Court." *Id.* Mr. Gilchrist appeals the dismissal of the Veterans Court to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

The jurisdiction of this court to review Veterans Court decisions is limited by statute. 38 U.S.C. § 7292. We have jurisdiction to review a decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). If an appeal does not present a constitutional issue this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The Veterans Court correctly determined it lacked jurisdiction to review Mr. Gilchrist's appeal related to his disability rating. "Section 7252(a) provides jurisdiction for the Veterans' Court to review 'decisions of the Board of Veterans' Appeals.' Our case law and section 7104(d)(2) define a Board decision as including an order granting appropriate relief or denying relief." *Kirkpatrick*, 417 F.3d at 1364 (remand for additional examination is not a "decision"). The Board's remand is not a final decision within the meaning of 38 U.S.C. § 7252(a). The Board order must either grant or deny the veteran's request for relief to constitute a final decision. *Id.* at 1365.

In this case, the Board remanded Mr. Gilchrist's claim to the RO for further consideration and development. Like *Kirkpatrick*, the remand order here did not grant or deny relief to Mr. Gilchrist. Because Mr. Gilchrist's remand order is not a final decision, the Veterans Court correctly determined it lacked jurisdiction. Accordingly, we affirm.

To the extent Mr. Gilchrist asks us to review facts concerning his disability rating, we lack jurisdiction. 38

U.S.C. § 7292(d)(2).  We have considered Mr. Gilchrist's other arguments and find them not persuasive.

**AFFIRMED**

Costs

No costs.