NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARVIN E. SANDERS,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7199

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-0378, Judge Lawrence B. Hagel.

---

Decided: February 10, 2012

---

MARVIN E. SANDERS, of Compton, California, pro se.

KENT C. KIFFNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant

Director.  Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel and TRACEY P. WARREN, Attorney, United States  Department of Veterans Affairs, of Washington, DC.

---

Before PROST, SCHALL, and REYNA, *Circuit Judges*.

PER CURIAM.

Marvin E. Sanders appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") issued on June 21, 2011, affirming the decision of the Board of Veterans' Appeals ("Board") issued on January 8, 2009, which found that new and material evidence had not been submitted to reopen previously disallowed claims.  Because Mr. Sanders neither challenges the validity or interpretation of any statute or regulation nor sufficiently raises a constitutional claim, we *dismiss* the appeal for lack of jurisdiction.

## I. BACKGROUND

Mr. Sanders served on active duty from September 1972 to September 1976 and from November 1977 to October 1981. In March 1970, prior to his active duty service, he was involved in a motor vehicle accident that resulted in injuries to his eye, head, lower back, and chest. Although a private physician determined that he was unsuitable for military service in May 1971, the military enlisted him. At his entrance service examination in August 1972, Mr. Sanders reported a history of swollen or painful joints, eye problems, head injury, cramps in legs, recurrent back pain, and sleeping problems. He did not report any of these problems in his separation examination in May 1981.

Mr. Sanders filed a claim for entitlement to the Department of Veterans Affairs ("VA") benefits in August 1986. A VA regional office denied his claim. Mr. Sanders did not appeal that decision and it became final, but he sought to reopen the claim in January 2002 and filed an additional claim for bilateral knee disability. Again, a VA regional office denied his claims. He did not appeal and the decision became final.

For a second time, in March 2006, Mr. Sanders sought to reopen his claim and filed additional claims for post-traumatic stress disorder and a right eye injury. This time, however, after a VA regional office denied his claims, he appealed the denial to the Board. In January 2009, the Board granted Mr. Sanders's request to reopen his claim for benefits due to headaches. The Board also determined that Mr. Sanders's claim for benefits due to injury to his cervical spine could not be evaluated based on the record, and it thus remanded the issue to the regional VA office for examination. With respect to the

rest of the claims (related to post-traumatic stress disorder, low back disability, bilateral knee disability, scars of the right eye and forehead, and right eye injury), the Board declined the request to reopen on the ground that new and material evidence had not been submitted.

Mr. Sanders appealed the Board's decision to the Veterans Court. The Veterans Court vacated the Board's denial of benefits with respect to post-traumatic stress disorder and remanded that matter for additional consideration. The Veterans Court affirmed the remaining portions of the Board's decision but did not specifically address Mr. Sanders's claim pertaining to spine injury, which the Board had already remanded to the VA regional office. This appeal ensued.

## II. DISCUSSION

This court may only review the Veterans Court's decision

> with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision.

38 U.S.C. § 7292(a). We "may not review (1) a challenge to a factual determination, or (2) a challenge to a law or regulation as applied to the facts of a particular case," unless the appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Here, Mr. Sanders's appeal does not fall within the scope of our jurisdiction. Mr. Sanders's appeal mainly

pertains to his claim for benefits in relation to a spine injury. That claim, however, has not been fully adjudicated by the Board and the Veterans Court. In fact, the Board has already remanded Mr. Sanders's spine injury claim to the VA regional office for further examination. Therefore, Mr. Sanders's claim based on injury to his spine is not properly before us.[1] *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1365-66 (Fed. Cir. 2005) (holding that the Board's order to remand a claim to a VA regional office that neither denied nor granted relief is not reviewable on appeal).

Mr. Sanders also appears to appeal the decision of the Board (and the Veterans Court), with respect to denying his claims based on injury to his eye and knees. But Mr. Sanders does not state any basis for his challenge to those decisions.

Finally, Mr. Sanders claims that he has been deprived of due process and discriminated against based on his race. As already stated, we have jurisdiction to consider constitutional arguments. *See* 38 U.S.C. § 7292(d)(2). But Mr. Sanders does not provide any facts to substantiate his arguments. Nor do we see any basis for his arguments in the record. In the absence of any evidentiary support, Mr. Sanders's passing remarks amount to no more than a constitutional label for his otherwise factual disagreement with the decisions of the Veterans Court and the Board. That does not suffice to create jurisdic-

---

[1] In his reply brief, Mr. Sanders appears to suggest that we should consider certain developments (with respect to his spinal injury claim) that occurred while his appeal was pending before the Veterans Court. Any such new development is not reflected in the record before us, however, and any issues related to such development are not properly before us on appeal.

tion.  *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that a claim that is constitutional in name only does not create jurisdiction over an appeal from the Veterans Court); *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by either party or a court[] is not controlling; we must look to the true nature of the action.").

Therefore, we dismiss Mr. Sanders's appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.

**DISMISSED**