NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN L. HOBSON,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7052

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-3412, Chief Judge Bruce E. Kasold.

---

Decided: July 28, 2015

---

KEVIN L. HOBSON, Scottsdale, AZ, pro se.

HEIDI L. OSTERHOUT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD; Y. KEN LEE, CHRISTINA L. GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, REYNA, and WALLACH, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Kevin L. Hobson appeals the decision of the United States Court of Appeals for Veterans Claims (Veterans Court), affirming the decision of the Board of Veterans' Appeals denying benefits for his right-knee arthritis/degenerative joint disease (DJD) on the ground that it is not related to his military service. The Veterans Court also dismissed Mr. Hobson's appeal concerning benefits for post-traumatic stress disorder and whole body DJD, on the ground that these claims had been referred by the Board to the regional office for additional development.

## DISCUSSION

Mr. Hobson expresses concern that the Veterans Court declined to review issues that the Board had referred to the regional office. The Veterans Court has responsibility and authority to review "decisions of the Board." 38 U.S.C. § 7252(a). "A 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefits sought by the veteran: those benefits are either granted . . . or they are denied." *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000).

The Veterans Court correctly ruled that it lacked jurisdiction to review the claims that had been referred by the Board to the regional office for further development. *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed., Cir. 2005) ("We agree with the Secretary that the Board's remand in this case was not a 'decision' within the meaning of *Maggitt* and section 7104(d)(2)."). The referral to the regional office was not a "decision" of the Board. 38 U.S.C. § 7104(d)(2) provides that "[e]ach decision of the

Board shall include . . . (2) an order granting appropriate relief or denying relief." *See Kirkpatrick*, 417 F.3d at 1364 ("Our definition of 'decision' in section 7252 is in line with the definition of a Board decision in 38 U.S.C. § 7104, the Board's jurisdictional statute.").

Mr. Hobson claimed entitlement to service connection for right-knee DJD as a result of exposure to ionizing radiation. The Board reviewed the avenues by which Mr. Hobson could establish service connection. 38 C.F.R. § 3.309(d) provides that a radiation related disease is presumptively service connected if manifested in a "radiation-exposed veteran," defined as a veteran who participated in a "radiation-risk activity." 38 C.F.R. § 3.311 provides presumptive service connection of certain "radiogenic" diseases listed under subsection 3.311(b)(2), if the Veteran Affairs Under-Secretary for Benefits determines that the diseases are related to ionizing radiation exposure while in service or if they are otherwise medically linked to ionizing radiation exposure.

In addition, diseases not listed under subsection 3.311(b)(2) may be considered radiogenic "if the claimant has cited or submitted competent scientific or medical evidence that the claimed condition is a radiogenic disease." 38 C.F.R. § 3.311(b)(4). These regulations state special procedures to develop the veteran's claim, including obtaining a radiation dose estimate. 38 C.F.R. § 3.311(a). The Board found that Mr. Hobson's right-knee DJD is not a listed radiogenic disease under subsection 3.311(b)(2) and that "the evidence does not reflect that [Mr. Hobson] suffers from a radiogenic disease." Bd. Vet. App. Op. at 10 (Nov. 6, 2013).

The Board also considered entitlement to service connection under 38 C.F.R. §§ 3.303, 3.307(a)(3), and 3.309(a). Section 3.303 provides for service connection for a disability resulting from a disease or injury incurred in, or aggravated by, active military service. "For the show-

ing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word 'Chronic.'" *Id.* § 3.303(b). Under §§ 3.307(a)(3) and 3.309(a), chronic diseases such as arthritis are presumptively service-connected if manifested to a compensable degree within one year of the veteran's discharge from service.

We conclude that no error of law or regulation appears in this action. Given the statutory limits on our jurisdiction, we cannot review the Board's application of law to the facts. We take note that Mr. Hobson's allegations of discrimination and bias are accompanied by no support.

The decision of the Court of Appeals for Veterans Claims is

### AFFIRMED.

No costs.