NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANITA R. BROWN,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1639

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-7601, Judge William S. Greenberg.

---

Decided:  October 7, 2021

---

ANITA R. BROWN, Frisco, TX, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., LOREN MISHA PREHEIM; Y. KEN LEE, SAMANTHA ANN SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

―――――――――――

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

PER CURIAM.

Anita Brown appeals a United States Court of Appeals for Veterans Claims decision dismissing her appeal from the Board of Veterans Appeals for lack of jurisdiction. *Brown v. Wilkie*, No. 19-7601, 2020 WL 7060025 (Vet. App. Dec. 3, 2020). Because the Veterans Court correctly dismissed Ms. Brown's appeal, we *affirm*.

I

Ms. Brown served in the United States Army from July 1987 until July 1992. S.A. 3.[1] On May 1, 2017, Ms. Brown applied for disability compensation and related compensation benefits based on her post-traumatic stress disorder (PTSD), back condition, left-foot condition, and right-foot condition. S.A. 66–69. A Department of Veterans Affairs' Regional Office (RO) granted service connection for PTSD, awarding Ms. Brown a 30% rating, but denied service connection for the other conditions. S.A. 55. Ms. Brown filed Notices of Disagreement, seeking a 100% rating for each condition. S.A. 50–53. The RO issued a statement of the case, explaining its reasoning for the 30% rating for PTSD and for denying service connection for the other conditions. S.A. 16, 44–49.

Ms. Brown appealed to the Board. She explained her PTSD had been diagnosed by a physician and requested review of all medical documentation. S.A. 11–12. Her request did not mention the other conditions. *Id.* In the Board's August 23, 2019 decision, it denied Ms. Brown's

―――――――――――

[1]    "S.A." refers to the Supplemental Appendix filed with the government's response brief.

request to reopen the back and foot condition claims because Ms. Brown did not present any new and material evidence for those conditions.  S.A. 6.  For her PTSD claim, the Board remanded to the VA to update the records with documentation pertaining to Ms. Brown's treatment, to schedule her for an "examination to ascertain the severity of her service-connected PTSD," and for the medical examiner to detail Ms. Brown's condition and its severity. S.A. 9.

Ms. Brown appealed the Board's remand decision to the Veterans Court.  The Veterans Court dismissed the appeal because it lacked jurisdiction to address matters the Board remanded, explaining that the PTSD claim was still pending and had not been adjudicated.  *Brown*, 2020 WL 7060025, at *1.[2]  Ms. Brown appeals the Veterans Court's dismissal.

## II

Whether the Veterans Court possesses jurisdiction is a legal issue that we review de novo.  *See* 38 U.S.C. § 7292(d)(1); *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000).  The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."  38 U.S.C.§ 7252.  We have explained that a Board's remand is not a decision by the Board over which the Veterans Court has jurisdiction because a remand neither grants nor denies relief.  *See, e.g., Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005).  Here, because the Board's decision to remand for further development of Ms. Brown's PTSD claim neither granted nor denied her relief, the Veterans Court lacked jurisdiction to review it.

---

[2]    After the Board's remand decision, but before the Veterans Court's decision, the RO issued a decision increasing Ms. Brown's rating for PTSD to 70%.  S.A. 3–5. This increased rating decision is not on appeal.

Accordingly, we *affirm* the Veterans Court's dismissal of Ms. Brown's appeal.

**AFFIRMED**

COSTS

No costs.