# United States Court of Appeals for the Federal Circuit

---

**PAUL WRIGHT,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1502

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-96, Chief Judge Michael P. Allen.

---

Decided: October 28, 2025

---

PAUL TROY WRIGHT, Marietta, SC, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; RICHARD STEPHEN HUBER, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, DYK and CUNNINGHAM,
*Circuit Judges*.

DYK, *Circuit Judge*.

Paul Troy Wright is another veteran frustrated by lengthy delays in the resolution of his claims before the Department of Veterans Affairs ("VA"). He appeals pro se a decision of the Court of Appeals for Veterans Claims ("Veterans Court"). That decision concerned Mr. Wright's unadjudicated claims pending at the VA. The Veterans Court denied his request to issue an order granting him relief on the merits of his claims and to issue contempt sanctions on the Chair of the Board of Veterans' Appeals ("Board") for failure to resolve his claims. We dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Wright served honorably in the Navy from 1974 to 1984. In 2015, Mr. Wright applied for benefits related to two heart conditions, melanoma, obstructive sleep apnea, and gastroesophageal reflux disease with Barrett's esophagus ("GERD"). Mr. Wright claims these conditions resulted from injuries he sustained in the line of duty. On July 24, 2017, the VA denied Mr. Wright entitlement to benefits for each condition.

Following the VA's denial, Mr. Wright appealed to the Board. The Board affirmed the VA's denial of Mr. Wright's melanoma claim, but remanded his obstructive sleep apnea, GERD, and two heart condition claims back to the VA Regional Office ("RO") for further factual development. Mr. Wright then appealed the denial of his melanoma claim to the Veterans Court, which on July 30, 2021, remanded his melanoma claim to the Board to address all of his arguments and weigh the evidence on the record in light of his arguments. *Wright v. McDonough*, No. 20-8732, 2021 WL 3233403, at *2 (Vet. App. July 30, 2021). The Board again reviewed Mr. Wright's melanoma claim

and remanded his melanoma, obstructive sleep apnea, GERD, and heart condition claims to the RO for factual findings. On July 25, 2022, the RO denied Mr. Wright entitlement to benefits for each of his claims. In part, the RO denied Mr. Wright's claims because he did not report for a scheduled examination in connection with his claims.

On July 31, 2022, Mr. Wright appealed the RO's July 25, 2022, decision to the Board. In a December 27, 2024, decision, the Board again remanded Mr. Wright's melanoma, obstructive sleep apnea, and GERD claims to the RO, and deferred adjudication of Mr. Wright's heart condition claims pending development of his obstructive sleep apnea claim. Specifically, the Board required the RO to address factual issues related to secondary causation factors and the reason why Mr. Wright did not appear for examination.

Instead of further presenting his claim to the RO, on January 15, 2025, Mr. Wright filed a petition for extraordinary relief at the Veterans Court, asking the Veterans Court to issue contempt sanctions against the Chair of the Board for allegedly contravening the Veterans Court's 2021 decision by failing to expeditiously "consider Wright's consistent attestations" related to his claimed injury. S. App'x 22.[1] Mr. Wright also asked the Veterans Court to directly grant him entitlement to benefits for his melanoma, obstructive sleep apnea, and GERD claims since, in his view, the facts are undisputed.

Treating Mr. Wright's appeal as a request for relief under the All Writs Act, 28 U.S.C. § 1651(a), the Veterans Court denied Mr. Wright's petition. The Veterans Court found the Board followed the Veterans Court's 2021

---

[1] "S. App'x" refers to the Supplemental Appendix filed by the government with its Informal Response Brief. Dkt. No. 10.

decision and did not do anything to warrant contempt sanctions.  In addition, the Veterans Court found it could not reach the merits of Mr. Wright's benefits claims because it lacked the ability to render substantive relief on claims under both its general jurisdiction and the All Writs Act.  Finally, the Veterans Court found the VA did not unreasonably delay its adjudication of Mr. Wright's claims (given the short period of time since the remand order), and so relief could not be awarded on that basis.

Mr. Wright appealed.

## DISCUSSION

"[O]ur jurisdiction is limited in appeals from the Court of Appeals for Veterans Claims . . . ." *Szemraj v. Principi*, 357 F.3d 1370, 1374 (Fed. Cir. 2004).  "This court has jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question . . . ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

We agree that the Veterans Court lacked jurisdiction to hear an appeal of the December 27, 2024, Board decision, as a decision to remand that does not fully grant or deny relief is not appealable to the Veterans Court. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364–65 (Fed. Cir. 2005).  Unless it determined it had jurisdiction to consider a petition under the All Writs Act, the Veterans Court did not have jurisdiction to review Mr. Wright's petition.  We thus agree with the Veterans Court that Mr. Wright's petition to the Veterans Court should be addressed as a petition for relief under the All Writs Act.

Mr. Wright contends the Veterans Court should have granted his petition to order the VA to issue benefits for each of his claims without remand to the RO.  At the Veterans Court, Mr. Wright's petition arose out of the Board's "remand" of his claims to the VA, and he requested that the Veterans Court vacate the Board's remand order and order

the VA to issue benefits for his claims without remand to the RO. S. App'x 23, 34. The right to substantive relief without remand is squarely foreclosed by our decision in *Ravin v. McDonough*, 107 F.4th 1357 (Fed. Cir. 2024). *Ravin* explained how our cases "rejected the contention that there was a right to a determination of the Veterans Court without remand." *Id.* at 1362. As in prior cases "we held there was no right to a decision without remand," the court in *Ravin* held "there can no longer be a colorable argument here" that a veteran is "entitled to a decision without remand." *Id.*

While *Ravin* is in the context of a remand from the Veterans Court to the Board, as noted, we have previously held that the Veterans Court does not have jurisdiction to review a Board decision that remands a veteran's claims to the RO. *Kirkpatrick*, 417 F.3d at 1364–65.[2] The Veterans Court has since held in *Gardner-Dickson v. Wilkie*, 33 Vet. App. 50 (2020), that this jurisdictional bar cannot be avoided by resort to a mandamus petition. *Gardner-Dickson*, 33 Vet. App. at 55–58.[3] We agree. Just as there is no colorable claim to an appeal of a Board decision that remands a veteran's claims to the RO, there is no colorable claim to a writ of mandamus in the same circumstance.

Mr. Wright does not raise arguments related to his request for sanctions, and his argument for sanctions was in any event without colorable merit. He also does not appeal the Veterans Court's denial of a writ of mandamus to

---

[2]    *Kirkpatrick* held that the *Williams* exception to finality does not apply to Board remand orders. *Id.* at 1365 (citing *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002).

[3]    That decision forecloses the argument that the Veterans Court itself should have granted relief without remand.

compel the decision of the RO, a contention that is also without colorable merit.

We understand Mr. Wright's frustration with the slow process of adjudication, but we lack jurisdiction to afford him his requested relief.

## CONCLUSION

We have considered Mr. Wright's remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss Mr. Wright's claims for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.