NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD CARLYLE HILL,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1769

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-1576, Judge William S. Greenberg.

---

Decided: May 11, 2026

---

DONALD C. HILL, JR., Palm Desert, CA, argued pro se.

AUGUSTUS GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE; MATTHEW ALBANESE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, LOURIE and REYNA, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Donald Carlyle Hill appeals from a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") dismissing his appeal from the Board of Veterans' Appeals ("the Board") for lack of jurisdiction. S.A. 1–2.[1] The Veterans Court dismissed Hill's appeal because it concluded that the Board did not render a final decision adverse to Hill that would afford it jurisdiction to review the decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).

The Board's order that was appealed to and dismissed by the Veterans Court granted one claim, remanded four claims, referred two claims for initial adjudication, and dismissed two claims that it concluded Hill voluntarily dismissed. S.A. 22–23. "Our case law and [§] 7104(d)(2) define a Board decision as including an order granting appropriate relief or denying relief." *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005). The Board's remand and referral determinations in this case are therefore not "decisions" which confer jurisdiction to the Veterans Court within the meaning of § 7252(a). *See id.* at 1364–65. Furthermore, the Board's grant of one of Hill's claims is not "adverse" to him such that the Veterans Court could review that claim. *See* 38 U.S.C. § 7266(a). And finally, the Veterans Court's determination that Hill failed to argue that the Board improperly dismissed two claims, and therefore abandoned those claims and arguments, is an issue that this court lacks jurisdiction to review. *See Andre*

---

[1]    "S.A." refers to the supplemental appendix filed by the government, filed at ECF 31.

*v. Principi*, 301 F.3d 1354, 1363–64 (Fed. Cir. 2002) ("[W]e lack jurisdiction to consider [a] challenge to [an] abandonment ruling."). We accordingly *affirm* the Veterans Court's dismissal for lack of jurisdiction.

## AFFIRMED

CUSTS

No costs.