NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEROME COHENS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7123

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-941.

---

Decided: December 11, 2013

---

JEROME COHENS, of Miami, Florida, pro se.

NATHANAEL B. YALE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and LARA K. EILHARDT, Attorney, Unit-

ed States Department of Veterans Affairs, of Washington, DC.

_____

Before PROST, PLAGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Jerome Cohens appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. Because Mr. Cohens's appeal raises no legal questions over which we have jurisdiction, we dismiss.

BACKGROUND

Mr. Cohens served on active duty in the U.S. Marine Corps from December 1978 to February 1979. The U.S. Department of Veterans Affairs ("VA") Regional Office ("Regional Office") granted Mr. Cohens's claim of a service connection for low-back strain, along with a noncompensable disability rating effective February 1979. On April 9, 1998, Mr. Cohens filed a claim at the Regional Office for an increased disability rating. In November 1998 the Regional Office increased his rating from 10% to 60%, effective April 9, 1998.

On February 16, 2005, the Board of Veterans Appeals ("Board") denied an earlier effective date for the 60% rating. Mr. Cohens alleged that the Board committed clear and unmistakable error, claiming that the diagnosis was delayed as a result of the long time it took to go through appointments and treatments at the VA hospital at which he was receiving care. On December 3, 2007, the Board denied Mr. Cohens's motion for reversal and revision. The Veterans Court affirmed the Board's 2007 decision on October 22, 2009. Subsequent to the Veterans Court's decision, Mr. Cohens filed numerous motions for reconsideration of the Board's decision, all of which were denied, including most recently on November 19, 2012.

While the latter motion was pending, Mr. Cohens sent a letter on March 15, 2013 to the Veterans Court asking the court to "immediately speak with" the Deputy Vice Chairman of the Board asking that his claim for benefits be granted. This correspondence was deemed to be an application for extraordinary relief, in the nature of a writ of mandamus. On April 10, 2013, while Mr. Cohens's mandamus petition was pending at the Veterans Court, the Board notified Mr. Cohens that it had denied his November 2012 motion for reconsideration on the basis of its failure to present arguments showing error in the Board's decisions. Subsequently, on April 23, 2013, the Veterans Court denied Mr. Cohens's mandamus petition on the grounds that the Board had not delayed unreasonably in acting on his motion for reconsideration and that a writ of mandamus cannot substitute for the regular appeals process. This appeal followed.

## DISCUSSION

Our review of Veterans Court decisions is strictly limited by statute. Pursuant to 38 U.S.C. § 7292(a), we may review the decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." We may not review findings of fact or application of a law or regulation to the facts, except to the extent that an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

This limited jurisdiction applies to the review of the Veterans Court's decision whether to grant a petition for a writ of mandamus. *See Lamb v. Principi*, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002). For the extraordinary remedy of a writ to be issued, a petitioner must show that there is a clear and undisputable right to the relief sought and no alternative channels for obtaining relief. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004). We do not have

jurisdiction to review the appeal of a petition that raises only issues of fact in the absence of a non-frivolous legal question. *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

On appeal, Mr. Cohens reiterates the allegations that were made in previous appeals and motions for reconsideration regarding the VA's assessment of the April 1998 effective date for his service rating. Giving Mr. Cohens's informal briefing the broadest latitude, his mandamus petition raises three issues.

First, Mr. Cohens alleges that the Veterans Court erred in its 2009 decision when it did not give appropriate weight to an earlier 1980 diagnosis in determining the effective date of his disability rating. Mr. Cohens's allegation raises only a question of the Veterans Court's application of law to fact, over which we lack jurisdiction. 38 U.S.C. § 7292(d)(2).

Second, Mr. Cohens alleges that the VA failed in its duty to assist by not providing him with timely diagnoses, and that the Board committed clear and unmistakable error by refusing to consider this delay in its 2005 decision denying him an earlier effective date for his service rating. The VA's duty to assist, however, is not a legal basis for finding clear and unmistakable error in a service rating decision. 38 C.F.R § 20.1403(d); *Cook v. Principi*, 318 F.3d 1334, 1344 (Fed. Cir. 2002). Mr. Cohens's challenge on these grounds therefore raises no legal question over which we would have appellate jurisdiction.

Third, Mr. Cohens claims that the results of a 1981 diagnostic test at the Miami VA hospital, which he claims were not available to him at the time of the Board's 2007 decision, would constitute a new basis for providing an earlier effective date for his service rating. We do not have jurisdiction over the appeal of a claim of clear and unmistakable error that was not previously adjudicated

by the Board. *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002).

In light of the foregoing, the grounds for the extraordinary relief that Mr. Cohens seeks are entirely based on issues that we cannot review for lack of jurisdiction. On appeal, Mr. Cohens has provided no other reason why we should reverse the Veterans Court's denial of his mandamus petition. Accordingly, we dismiss.

We note that Mr. Cohens raised the foregoing issues in his previous appeals, and the Veterans Court duly considered them in its 2009 decision affirming the Regional Office's determination. Mr. Cohens should recognize that he has a means of seeking relief with respect to the 1981 test results or any other evidence that may be new and material to his case: he may at any time present it to the Regional Office in order to seek to reopen his disability claim or to initiate a new claim of clear and unmistakable error. *See* 38 C.F.R. § 3.156; 38 U.S.C. § 5109A(d).

## DISMISSED

### COSTS

Each party shall bear its own costs.