NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEROME COHENS,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1195

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1864, Judge Mary J. Schoelen.

---

Decided: April 10, 2017

---

JEROME COHENS, Miami, FL, pro se.

ISAAC B. ROSENBERG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* DYK and HUGHES, *Circuit Judges.*

PER CURIAM.

Jerome Cohens seeks review of the United States Court of Appeals for Veterans Claims ("Veterans Court") order dismissing his appeal on jurisdictional grounds in *Jerome Cohens v. Robert A. McDonald, Secretary of Veterans Affairs,* No. 16-1864 (Vet. App. Aug. 24, 2016). In that case, the Veterans Court dismissed an appeal from a decision of the Board of Veterans' Appeals ("Board") for lack of a final decision. Because the Veterans Court correctly dismissed the appeal, we affirm.

I

Mr. Cohens served on active duty in the U.S. Marine Corps from December 1978 to February 1979. Following the conclusion of Mr. Cohens's service, the Department of Veterans Affairs Regional Office in St. Petersburg, Florida ("Regional Office") granted him service connection for low-back strain and assigned him a non-compensable disability rating. On April 9, 1998, Mr. Cohens filed a claim with the Regional Office for an increased disability rating. In response, the Regional Office increased his rating from 10% to 60% effective as of that date. Mr. Cohens appealed the effective date to the Board, but the Board denied his claim in February 2005.

After that decision, Mr. Cohens filed a series of appeals and motions for reconsideration including an appeal in which Mr. Cohens argued that the Board committed clear and unmistakable error ("CUE") with respect to its

February 2005 decision. The Board denied his CUE claim, and the Veterans Court affirmed in October 2009.[1]

In August 2015, Mr. Cohens filed a pleading with the Veterans Court that disputed the court's October 2009 determination. Treating this pleading as a writ of mandamus, the Veterans Court denied Mr. Cohen relief because, among other reasons, it determined that the October 2009 decision was final and that his writ could not be used as a surrogate for the appeal process. In February 2016, Mr. Cohens sent a letter to the Board expressing his desire to seek reconsideration of the Veterans Court's October 2009 decision. The Board responded, explaining that the October 2009 decision was final and that he could either appeal to this court or reopen his claim at the Regional Office if he had new and material evidence to present.

In April 2016, Mr. Cohens sent a letter to the Board asking it "to advance" his claim to the Board's docket. Appellee's App. 36. The Board responded on May 19, 2016, indicating that it no longer had jurisdiction over his appeal. In response Mr. Cohens noticed his appeal, which the Board dismissed for lack of jurisdiction because it found that "no final decision dated May 19, 2016, ha[d] been issued by the Board." *Id.* at 1. After a series of motions for reconsideration, the Veterans Court entered judgment in the Secretary's favor. Mr. Cohens timely appealed to this court.

## II

On appeal, Mr. Cohens asks us to reverse the Veterans Court and "grant [his] claim for Rule 21 [extraordinary relief] immediately." Appellant's Br. 2. In support, he focuses on events relating to the Board's October 2009

---

[1]    We addressed Mr. Cohens's previous claims in *Cohens v. Shinseki*, 549 F. App'x 1004 (Fed. Cir. 2013).

decision and appears to challenge decisions that the Veterans Court made (or did not make) in other appeals he previously litigated in that court. *Id*. at 1. The government argues that the Veterans Court correctly concluded that the May 19, 2016 letter was not a final decision within the meaning of the statute. *See* Appellee's Br. 11–12 (arguing that this letter merely explained that the Board could not advance his claim). The government thus submits that the Veterans Court lacked jurisdiction to entertain his appeal. We agree.

Under the relevant statute, the Veterans Court has jurisdiction to review only "decision[s]" of the Board. 38 U.S.C. § 7252(a). A decision of the Board under this provision, and for the purposes of Mr. Cohen's appeal, "is the decision with respect to the benefit sought by the veteran." *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005) (citation omitted). In other words, a decision is one in which the Board either grants or denies veterans their benefits. *Id*.; *see also* 38 U.S.C. § 7104(d)(2) (requiring that each decision adjudicate the merits of the veteran's claim).

Here, the Board concluded that the May 19, 2016 letter was not a decision within the meaning of this statute. Appellee's App. 1. Although Mr. Cohen appears to dispute this conclusion, the law does not allow us to disturb these findings on appeal unless they present a constitutional issue. *See* 38 U.S.C. § 7292(d)(2). Thus, because the Veterans Court did not have jurisdiction, we conclude that it properly dismissed the appeal. Accordingly, we affirm the Veterans Court's dismissal for lack of jurisdiction.

**AFFIRMED**

Costs

The parties shall bear their own costs.