# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 20-6380

PAUL CARDOZA,                                                                                    APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS,                                                   APPELLEE.

Before GREENBERG, FALVEY, and LAURER, *Judges.*

## O R D E R

GREENBERG, *Judge*, filed the opinion of the Court. FALVEY, *Judge*, filed a dissenting opinion.

GREENBERG, *Judge*: Appellant Paul Cardoza appeals through counsel a May 19, 2020, Board of Veterans' Appeals (Board) letter that notified the appellant that VA would not accept his April 2020 VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)) seeking an earlier effective date for service connection for a psychiatric disorder. *See* Secretary's Nov. 10, 2020, Motion to Dismiss at 5; *id.* Exhibit (Ex.) A.

This appeal is timely, and the Court holds that the May 19, 2020, Board letter notifying the appellant that his appeal was dismissed constitutes a final decision of the Board, over which the Court shall exercise jurisdiction. *See* 38 U.S.C. §§ 7104(d), 7252(a), 7266.

## I.     Background

The appellant served on active duty in the U.S. Army from May 1989 to February 1996. *See* Appellant's Nov. 20, 2020, Response to Appellee's Motion to Dismiss Ex. 1, at 18.

In June 2019, the VA regional office (RO) granted service connection for post-traumatic stress disorder (PTSD) also claimed as a psychiatric disorder, with a 50% disability rating, effective June 15, 2018. *See id.* Ex. 1, at 18-23. On March 5, 2020, the appellant filed a request for higher-level review (HLR) of the June 2019 rating decision, seeking a 100% schedular disability rating for PTSD, effective June 15, 2018. *See id.* Ex 2, at 25-36. On April 3, 2020, the appellant filed a VA Form 10182, Notice of Disagreement (NOD), challenging the effective date assigned by the June 2019 rating decision. *See id.* Ex 3, at 38-44. The appellant selected the direct review lane and argued that he was entitled to a July 27, 2009, effective date for the grant of service connection for a psychiatric disability. *See id.* at 39.

On May 19, 2020, VA informed the appellant: "The Board of Veterans' Appeals received your Board Appeal request (VA Form 10182). Because you already requested a Higher-Level Review or Supplemental Claim for the issue(s) you listed on the form, the Board can't review your

case. You can only choose one review option for each issue." Secretary's Nov. 10, 2020, Motion to Dismiss Ex. A at 5. The letter was written on Board letterhead and signed by Kenneth A. Arnold, Vice Chairman of the Board. *Id.*

On July 21, 2020, the RO issued an HLR decision that denied an increased disability rating for PTSD. *See* Secretary's Mar. 16, 2021, Response Ex. A at 13-18. On September 10, 2020, the Court filed the appellant's Notice of Appeal (NOA) from the May 19, 2020, Board letter. On November 10, 2020, the Secretary moved to dismiss the appellant's appeal for lack of subject matter jurisdiction, arguing there is no final Board decision dated May 19, 2020. *See* Secretary's Nov. 10, 2020, Motion to Dismiss at 1.

## II.     Parties' Arguments

The Secretary argues that the Court lacks jurisdiction over this appeal because the May 19, 2020, VA letter notifying the appellant that VA would not process April 2020 Form 10182 is not a final decision of the Board, and therefore the appeal should be dismissed. *See* Secretary's Nov. 10, 2020, Motion to Dismiss at 1-2. The Secretary contends that the May 2020 letter does not meet the requirements of 38 U.S.C. § 7104(d) or 38 C.F.R. 20.801(b) because the letter did not (1) grant or deny any benefit sought; (2) attach or reference a copy of appellate rights; or (3) contain any of the other standard requirements that constitute a Board decision; and that the Board did not docket an appeal for any benefit following the filing of the April 2020 Form 10182. *See* Secretary's Mar. 16, 2021, Response at 1-3 (first citing *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000); then citing *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005); and then citing *Tyrues v. Shinseki*, 732 F.3d 1351, 1355 (Fed. Cir. 2013)). The Secretary further contends that the letter was not intended to constitute a decision of the Board; rather, the letter merely served an administrative function, notifying the appellant that his PTSD appeal remained pending elsewhere at the Agency. *Id.* at 3.

The Secretary argues that the appellant is not adversely affected by the May 2020 letter because the letter did not foreclose the appellant's psychiatric disability appeal. Oral Argument (OA) at 05:00-05:40, 18:30- 21:25, 24:45-25:25, *Cardoza v. McDonough*, U.S. Vet. App. No. 20-6380 (oral argument held May 30, 2024), http://www.uscourts.cavc.gov/oral_arguments_audio.php. The Secretary argues that the appellant has other ways to seek an earlier effective date for service connection; i.e., the appellant can either petition the Court for extraordinary relief in the nature of a writ of mandamus or raise the issue in the context of the HLR review of the disability rating still before the Agency. *Id.* In making this argument, the Secretary concedes that the Board's refusal to docket a VA Form 10182 in another context would never fall under the Court's subject matter jurisdiction, but that the Board's refusal could fall under the Court's prospective jurisdiction. *Id.* at 20:00-21:25.

The appellant responds that the May 19, 2020, letter is an adverse final decision of the Board over which the Court can exercise jurisdiction under 38 U.S.C. § 7266.[1] *See* Appellant's

---

[1] The appellant also argues that this matter is controlled by 38 U.S.C. § 5104C, permitting him to seek different lanes of review for different issues within a single claim for benefits. Appellant's Nov. 20, 2020, Response at 5-6; OA at 36:10-36:30. Yet it is premature to address the appellant's arguments on the merits at this time. Similarly, we decline to engage with the dissent's discussion of whether 38 C.F.R. § 3.151(c)(2) (2024) controls the underlying

2

Nov. 20, 2020, Response at 3; OA at 46:20-46:55. He maintains that any matter affecting the "provision of benefits under section 511(a)" is subject to review at the Board and consequently, the Court, *see* Appellant's Nov. 20, 2020, Response at 3-4; and therefore the May 2020 letter in which the Agency dismissed his appeal and declined to docket his April 2020 VA Form 10182 constitutes his one review on appeal to the Secretary under 38 U.S.C. § 7104(a), OA at 26:00-26:45. The appellant argues that by filing the Form 10182, he has a statutory right to a decision by the Board, and the May 2020 letter represents an adverse final decision of the Board because it informed him that he could not exercise this statutory right, categorically dismissing his appeal. OA at 29:00-29:50, 30:45-30:55. Similarly, the appellant argues that the word "relief" under 38 U.S.C. § 7104(d) encompasses more than just the underlying benefit sought, and here the relief he sought was a decision by the Board on the issue of service connection for PSTD. OA at 47:05-47:30. The appellant contends that because the Board unlawfully withheld or unreasonably delayed a final decision on the effective date for service connection, the Court has jurisdiction over this matter under 38 U.S.C. § 7261. OA at 29:00-29:50.

### III.    Legal Landscape

A Court cannot act without jurisdiction; it is the threshold question of jurisdiction that must be resolved before a court may address the merits of any matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884) (providing that the requirement that jurisdiction be established as a threshold matter "springs from the nature and limits of the judicial power of the United States" and is "inflexible and without exception"); *Ex parte McCardle,* 74 U.S. 506 (1869) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). The Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a). Thus, a claimant may appeal a "final decision of the Board of Veterans' Appeals" with the Court. 38 U.S.C. § 7266(a).

"The Secretary shall decide all questions of law and fact necessary to a decision … under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). All decisions issued under section 511(a) "shall be subject to one review on appeal." 38 U.S.C. § 7104(a). All final decisions on such appeals shall be made by the Board, *id*., and each final decision of the Board shall include

> (1) a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record;
>
> (2) a general statement—
>
>> (A) reflecting whether evidence was not considered in making the decision because the evidence was received at a time when not permitted under section 7113 of this title; and

---

merits.

3

>(B) noting such options as may be available for having the evidence considered by the Department; and

>(3) an order granting appropriate relief or denying relief.

U.S.C. § 7104(d).

To invoke the Court's jurisdiction, a Board decision must grant or deny a benefit. *Maggitt*, 202 F.3d at 1376. Our Court's en banc panel left unresolved the issue of whether a letter in which the Board informs a claimant that it refuses to docket an appeal meets the decision criteria in *Kernz v. McDonough*, 36 Vet.App. 372 (2023). While the appeal was pending in that case, Mr. Kernz obtained the underlying benefits he was seeking. *Id.* at 381-82. The Court said that "whether the [Board] letter was a 'decision' only matters if there is a controversy to resolve on the underlying appeal," and there was no longer a controversy since the appellant could not establish any harm. *Id.* at 382.

Finally, the Court has established that a "decision" is a judicial or agency action that adjudicates an issue; a "decision" does not merely implement a grant of benefits. *See Encarnacion v. McDonough*, 36 Vet.App. 194, 200 (2023). Agency action that only implements an earlier agency decision is ministerial, not adjudicative, because the action "lacks the requisite assessment of legal or factual issues." *Id.*

## IV.    Analysis and Conclusion

The Court holds that it has jurisdiction to consider this appeal and that the May 19, 2020, letter is a final decision of the Board because in the letter the Board denied the appellant entitlement to the relief sought. *See* 38 U.S.C. § 7104(d). By refusing to docket the appellant's April 2020 VA Form 10182 in which the appellant sought an earlier effective date for service connection for a psychiatric condition, the Board denied an earlier effective date; this action has the same procedural impact as a dismissal of the appeal, rendering the effective date assigned in the June 2019 rating decision final. Though it would be premature to address the merits of what the Board decided in its May 2020 letter, we note that it is what the letter says that matters here. Both the Secretary and our dissenting colleague attribute to the May 2020 letter statements that simply are not in the letter. For instance, the Secretary asserts that the May 2020 letter does not foreclose Mr. Cardoza's appeal—the letter instead tells him that his appeal is "premature." The Secretary says the letter amounts to the Board telling appellant "not never, just not now." OA at 24:30-24:35. Similarly, our dissenting colleague finds that the letter tells the appellant that his claim is pending HLR and so the Board cannot at the same time start its review. But the letter does not assure the appellant that his request for an earlier effective date will be docketed later or that it is pending HLR. Instead, the letter dismisses his NOD and merely informs him that he has already requested "a Higher-Level review or Supplemental Claim."

The May 2020 letter satisfies the requirements of section 7104(d) because the letter (1) is in writing; (2) contains the Board's finding and conclusion, i.e., that the Board could not process the appellant's appeal; (3) contains a statement of reasons or bases explaining that the appellant

can choose only one review option per issue; and (4) denied an earlier effective date by refusing to docket his appeal. What's more, Mr. Arnold—the Vice Chairman of the Board and a *Board member* himself—inspected appellant's VA Form 10182 within the procedural context—meaning that Mr. Arnold assessed the facts and then concluded that the Board could not review appellant's case. So Mr. Arnold provided a legal conclusion. He adjudicated whether the Board had jurisdiction and, through his dismissal, decided a legal question. Given our Court's holding in *Encarnacion*, Mr. Arnold *decided* whether the appellant's claim for service connection for his psychiatric disorder warranted an earlier effective date. Moreover, Mr. Arnold self-assuredly answered the question on the Board's behalf. Mr. Arnold, without citing statutes or regulations, decided it was impossible for appellant to obtain an earlier effective date, and he did not provide appellant the chance to prove otherwise.

Although the Secretary argues the May 2020 letter fails to satisfy the requirements of 38 U.S.C. § 7104(d) or 38 C.F.R. 20.801(b) because the letter does not include the traditional elements of a Board decision, *see* Secretary's Mar. 16, 2021, Response at 1-3, this argument amounts to form over substance and largely ignores both the contents of the letter and the relevant caselaw. As discussed above, the May 2020 letter satisfies each prong of section 7104(d). Conversely, even if the Court were to accept the Secretary's position that the letter fails to satisfy section 7104(d), this argument must fail because nothing in the plain language of section 7104(d) or § 20.801(b) states that a failure to comply with either the statute or regulation renders a final Board decision invalid or void ab initio. *See* 38 U.S.C. § 7104(d); 38 C.F.R. § 20.801(b) (2024). A Board action that violates section 7104(d) is nonetheless a final Board determination that is reviewable by the Court. *See Kirkpatrick,* 417 F.3d at 1364 ("Our definition of 'decision' in section 7252 is in line with the definition of a Board decision in 38 U.S.C. § 7104, the Board's jurisdictional statute."). When the Court determines that the Board flouted section 7104(d), the Court has the authority to "set aside" an action and to remand the matter for the Board to address such an error. *See* 38 U.S.C. § 7252(a) ("The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate."). A decision that does not comport with section 7104(d) is still a final Board decision. *See* 38 U.S.C. § 7104(d).

In *Encarnacion*, the Court considered whether the appellant could appeal a decision by the agency of original jurisdiction (AOJ) when that decision was a pure implementation of a decision by the Board. 36 Vet.App. at 197. Considering this question required us to answer whether the Board's dismissal of the appellant's NOD was proper. Since the Secretary had not argued that the Board's dismissal was not a decision that we could review, we could answer that question. Here, the Board dismissed the appellant's NOD and appellant seeks judicial review of that decision. But the Secretary asks us to dismiss the appeal on the theory that the Board's action did not constitute a decision. Concluding that the Board's dismissal of an NOD is only subject to judicial review when the Board dresses the dismissal with the trappings of an official decision would indeed "give [VA] the power to defeat meaningful judicial review and thereby subvert the intention of Congress in enacting the Veterans' Judicial Review Act." *See Kernz*, 36 Vet.App. at 384 (citing *Cerullo v. Derwinski*, 1 Vet.App. 195, 198 (1991)).

The dissent differentiates between the dismissal here and dismissals such as the one the Court reviewed in *Mintz v. Brown*, 6 Vet.App. 277 (1994). But the Court decided *Mintz* against the backdrop of the legacy system—a system in which claims progress through the Agency

5

sequentially. Under the Veterans Appeals Improvement and Modernization Act of 2017[2] (AMA), the U.S. Court of Appeals for the Federal Circuit decided in *Military-Veterans Advocacy v. Secretary of Veterans Affairs* (*MVA*), that a claimant may file a supplemental claim while that same claim is pending judicial review. 7 F.4th 1110, at 1144 (Fed. Cir. 2021). The result is that an AMA claim can end up in two places within the Agency at the same time, which could not have happened when *Mintz* was decided. The AMA allows continual pursuit of a benefit through several review options, and Mr. Cardoza wanted the Board to review the effective date for service connection for PTSD. What's more, the *Mintz* Court asserted jurisdiction over the Board's dismissal, which hinged on the Court's statutory interpretation—the same situation the Court faces here if the Court asserts jurisdiction over the dismissal conveyed in the Board's May 2020 letter.

The Secretary relies on *Maggitt* for the proposition that a Board decision must grant or deny a benefit because the U.S. Court of Appeals for the Federal Circuit defined "final Board decision" in those terms. *See Maggitt*, 202 F.3d at 1376. But that is what the Board did here—it denied a benefit—when it refused to review appellant's request for an earlier effective date. Although the Secretary does not cite *Dojaquez v. McDonough*, the Court notes that the facts here are distinct from those in *Dojaquez* as well. *See* 35 Vet.App. 423 (2022). The Board letter at issue in *Dojaquez* explicitly stated that the Board had placed the appeal on the direct review docket. *Id.* at 425. The "decision" the parties were seeking to appeal was the Board Vice Chairman of the Board's determination that it would process the attorney fee dispute as a simultaneously contested claim. *Id.* at 424. In contrast, here Mr. Arnold told Mr. Cardoza that the Board could not review his case. And the *Dojaquez* Court even recognized "that [the Court] exercises jurisdiction over Board decisions that finally decide various issues that may not at first glance appear to grant or deny a benefit as that phrase is used in *Maggitt* and its progeny." *Id.* at 431 n.6. While at first glance the May 2020 Board letter does not appear to deny a benefit, the Board's unequivocal refusal to review Mr. Cardoza's appeal had the same effect.

Finally, we wish to address our dissenting colleague's view that Mr. Cardoza has another route for challenging the merits of the May 2020 letter—that he can petition for a writ of mandamus. The dissent posits that if VA has put up a roadblock between a claimant and the claimant's right to appeal to the Board, our Court can compel VA to act. The problem with this rebuttal is that the dissent does not recognize the May 2020 letter as a "roadblock" but rather as a notice that the Board was not allowing the appellant the chance to appeal at the "exact moment" that he requested. The dissent does not explain how under such circumstances a writ would be appropriate. Nor do we see how the appellant could successfully pursue a writ when the legal question at issue is unanswered. Given that the legal question underlying this appeal is unresolved, a petitioner would be unable to assert a clear and indisputable right to relief.

Therefore, the Court holds that the Board's May 19, 2020, letter constitutes a decision of the Board over which the Court may exercise jurisdiction and will deny the Secretary's motion to dismiss. *See* 38 U.S.C. §§ 7104(d), 7266.

Based on the foregoing, it is

---

[2] Pub. L. No. 115-55, 131 Stat. 1105 (codified as amended in scattered sections of 38 U.S.C.).

6

ORDERED that the Secretary's motion to dismiss is denied. It is further

ORDERED that the Secretary, within 30 days after the date of this order, file with the Clerk and serve on the appellant a copy of the Board's May 19, 2020, decision. And it is further

ORDERED that this appeal will proceed in accordance with the Court's Rules of Practice and Procedure.

DATED: July 10, 2024                                                              PER CURIAM.


FALVEY, *Judge*, dissenting: I agree with my esteemed colleagues that, for purposes of the Court's jurisdiction, a "final decision" means the Board's grant or denial of a benefit. But the Board did not grant or deny any benefit here. Thus, the May 2020 letter is not a final decision and I would grant the Secretary's motion to dismiss Mr. Cardoza's appeal for lack of jurisdiction.

The statutory structure, longstanding precedent from this Court and the Federal Circuit, and common sense all tell us that a final Board decision is something that grants or denies benefits in a claim. If a claimant does not have the benefits they want and the Board tells the claimant that the Agency is done considering his or her claim, the Board has made a final decision that denied benefits. Whether this news comes in a formal decision or a letter is irrelevant; what matters is that the claimant is without the benefits he or she sought and that the Board said that the Agency will go no further.

That is not what happened here, however. When Mr. Cardoza tried to appeal his PTSD claim, the Board told him that it could not docket an appeal because the claim was already under higher-level review at a different place in the Agency so the Board could not simultaneously review the claim. No benefit was denied; the Board merely informed Mr. Cardoza that his claim was being reviewed at a different part of VA. (The *Solze* notice tells us his PTSD claim is now with the Board.)

That said, if Mr. Cardoza thinks that the Board was wrong in refusing to docket a lawful appeal because it determined that his claim was being reviewed at a different place within the Agency, then there already exists a way for him to right this perceived wrong—his remedy is a writ of mandamus. That is the system that Congress set up and that binds us.

That is, until today. Now, under the framework set up by the majority, a claimant can appeal to the Court if the Board determines how his or her claim will be processed, even if the claim remains pending at the Agency and the Board has not made a final decision on the benefits sought. So, after today, the question is no longer whether VA granted or denied a benefit; the question now is whether VA granted the benefit at the exact moment the claimant asked for it. And because that is not the law that Congress wrote, I respectfully dissent.

*        *        *

7

## A. Background

The facts here are straightforward. VA issued a June 2019 rating decision in which it granted Mr. Cardoza a 50% PTSD rating effective June 15, 2018. We know that Mr. Cardoza disagrees with this; he thinks that his rating should be higher and should date back further. Rather than pursue both aspects of his disagreement together, Mr. Cardoza wanted to split the components of his PTSD rating into two separate administrative reviews—in March 2020, he requested higher-level review of the degree of disability, and the next month he filed an NOD seeking Board review of the effective date.

But nothing suggests that VA split the components of his rating. After all, VA's own regulations prohibit it from doing so. *See* 38 C.F.R. § 3.151(c)(2) (2024) (explaining that different administrative review options may not be selected for specific components of a single disability). Instead, the Board sent Mr. Cardoza a May 2020 letter that acknowledged receipt of his NOD, but explained that he had already requested higher-level review of his PTSD rating. The Board stated that a claimant can choose only one administrative review option—higher level review or Board appeal. And because Mr. Cardoza was already seeking higher-level review, the Board declined to docket an appeal of his PTSD claim. Mr. Cardoza then appealed the Board's May 2020 letter to the Court. And the Secretary now asks us to dismiss his appeal, arguing that the May 2020 letter is not a final decision that falls within this Court's jurisdiction. This then is the question before us—whether the letter is a final decision.

## B. What makes a final decision?

As we do with most questions, we start with the statute to find the answer. In section 511, Congress gave the Secretary the authority to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits." 38 U.S.C § 511(a). In section 7104, Congress decided that the Secretary's "decisions are subject to one review on appeal" and "[f]inal decisions on such appeals [are] made by the Board." 38 U.S.C. § 7104(a). Tying these two statutes together we see that the Board makes a "final decision" when it decides a question of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits. 38 U.S.C. §§ 511(a), 7104(a). And from there we get our jurisdiction; the Court has exclusive jurisdiction to review the Board's final decisions. 38 U.S.C. § 7252.

These three statutes build the ladder that a claim must climb before the Court has jurisdiction over it. VA makes an initial decision on questions of fact or law that it needs to provide benefits. Those decisions are subject to one review at the Board and the Board makes the final decision about benefits within VA. It is only with such a final decision that a claim can come to this Court.

The Federal Circuit and this Court have recognized the need for a final decision before we can exercise our jurisdiction. In *Maggitt v. West*, the Federal Circuit held that "[a] 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . or they are denied." 202 F.3d 1370, 1376 (Fed. Cir. 2000). The Federal Circuit echoed this definition in *Kirkpatrick v. Nicholson* when it found that a Board remand, although arguably erroneous, was

8

not a final decision granting or denying benefits that the Court could take jurisdiction over. 417 F.3d 1361, 1364-65 (Fed. Cir. 2005). *See also Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order) (holding that a Board remand that does not make a final determination about benefits sought "does not represent a final decision over which this Court has jurisdiction").

This understanding of what makes a final decision lines up with general principles of administrative law. In *Smith v. Berryhill*, the U.S. Supreme Court wrestled with "whether a dismissal by [an agency] Appeals Council on timeliness grounds after a claimant has received an ALJ hearing on the merits qualifies as a 'final decision . . . made after a hearing' for purposes of allowing judicial review." 139 S. Ct. 1765, 1774 (2019). The Court explained that an action is final "if it both (1) 'mark[s] the "consummation" of the agency's decision[-]making process' and (2) is 'one by which "rights or obligations have been determined," or from which "legal consequences will flow."'" *Id.* at 1775-76 (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). And "the phrase 'final decision' clearly denotes some kind of terminal event." *Id.* at 1774. Thus, the Court found that the agency dismissal of a claim satisfied these criteria and was a final decision because "it was the final stage of review." *Id.*

All of this brings us back to the uncontroversial conclusion that for the Court to take jurisdiction over an appeal, the Board must have issued a final decision that grants or denies benefits. But this is not to say that an agency action must carry certain formal trappings to be a final decision. It is the substance, not the style, that matters. Recall that the whole point of this process is to decide questions of law and fact needed for VA to provide benefits. If the Board has reviewed VA's initial decision and found that no further work is required by the Agency, the Board's finding marks the consummation of VA's decision-making process. And from there flows the rights and obligations of the claimant—the claimant either receives benefits or acquires the right to appeal. If this has happened, the Board has made a final decision, no matter how the Board styles it.

This means that there are times when correspondence from the Board is a final decision, even if not conveyed in the format we have come to expect from formal Board decisions. *Dojaquez v. McDonough*, 35 Vet.App. 423, 431 n.6 (2022) ("The Court acknowledges that it exercises jurisdiction over Board decisions that finally decide various issues that may not at first glance appear to grant or deny a benefit as that phrase is used in *Maggitt* and its progeny."). Take our decision in *Mintz v. Brown*, 6 Vet.App. 277 (1994). In *Mintz*, the Board followed the RO's decision not to take up a claim for entitlement to death benefits because the Board reasoned that, even if successful, the claim would lead to no further benefits. *Id.* at 280. The Court found that the Board's refusal to take up the claim was a final decision and so we had jurisdiction over the appeal. *Id.* at 281. This makes sense. The Board said that it, like the RO, would never address the issue because, as the Board saw it, there was no reason to do so. The Board's refusal to take up the issue was the consummation of the Agency's decision-making process; the Board said that there was nothing more for the Agency to do—the claim was dead. Thus, the Board made a final decision that denied benefits. As the majority points out, *Mintz* was decided under the legacy system, while Mr. Cardoza's claim was processed under the AMA. *Ante* at 5-6. But nothing in the AMA suggests that the act was meant to upend the basic principle of finality in administrative law—if VA has not finally decided a claim, VA has not issued a final decision. And to differentiate AMA from legacy-processed claims on this point would require that we resolve merits questions that the majority

9

purports to reserve—whether 38 U.S.C. § 5104C allows a claimant to split the components his or her claim into separate lanes for administrative review, and whether VA's regulation that prohibits this practice is invalid.

That brings us to the question here: whether the Board's May 2020 letter was a final decision that denied a benefit sought by Mr. Cardoza. And this is where I part ways with the majority.

### C. Application to the May 2020 Letter

Legally, the Board's determination that an issue is pending elsewhere within the Agency cannot be a final decision. The determination does not grant or deny benefits; it does not represent the consummation of the Board's decision-making process; it does not determine rights or obligations or lead to legal consequences. Simply put, if the Board says that VA is not done with an issue—it has not reached the consummation of its decision-making process—then we do not have a final Board decision.

Still, the majority thinks that the May 2020 letter is a final decision that denied benefits. The majority gets there by reasoning that by declining to docket Mr. Cardoza's appeal, the Board effectively decided that he did not warrant an earlier effective date for his PTSD. *Ante* at 4. Thus, the majority reasons, the letter is a decision that denied the benefit sought on appeal—an earlier effective date. *Id.* I disagree with the logical steps that the majority takes to transform the letter into a final decision for purposes of our jurisdiction. The majority can't escape the fact that the Board determined that the claim was still live, just at a different place within the Agency. That determination may have been wrong, but as I explain below, Mr. Cardoza already has remedies available to right the wrong he perceives. Rather than have him use those methods, the majority stretches our jurisdiction beyond the bounds set out by Congress and confirmed by the Federal Circuit.

To start, the majority seems to elevate a ministerial act to an adjudicative decision. Dismissing an appeal is an adjudication, but docketing an appeal is a ministerial act. *See Martin v. O'Rourke*, 891 F.3d 1338, 1346 (Fed. Cir. 2018). The majority aptly explains that ministerial acts are not decisions because they "lack[] the requisite assessment of legal or factual issues." *Ante* at 4 (quoting *Encarnacion v. McDonough*, 36 Vet.App. 194, 200 (2023), *overruled on other grounds by Kernz v. McDonough*, 36 Vet.App. 372 (2023) (en banc)). If docketing an appeal is a ministerial act, how can declining to do so be a final decision for the purposes of our jurisdiction?

To answer this, the majority says that *declining* to docket an appeal is not ministerial because it "decide[s] a legal question"—whether the benefit sought by the prospective appeal is warranted. *Ante* at 5. I acknowledge that in some cases, that may be. For example, if VA refuses to docket an appeal because it concludes that the appeal is untimely or that an appeal is otherwise outside VA's jurisdiction, that refusal serves to grant or deny benefits and represents the culmination of VA's decision-making process. *See, e.g.*, *Mintz*, 6 Vet.App. at 281. But it is not the case here.

10

True, the majority says that the Board "*decided* whether the appellant's claim . . . warranted an earlier effective date" for his PTSD. *Ante* at 5. But that is simply not what happened. Remember, the Board told Mr. Cardoza that it could not docket his appeal because, at the time, the issue was being reviewed in a different part of the Agency. Specifically, his PTSD claim was pending higher-level review at the AOJ, so the Board could not simultaneously review the claim. This prompts the question, if VA was still working on his PTSD claim, how did the Board in its letter decide that he did not warrant an earlier effective date? It can't be said that the letter marked the consummation of the agency's decision making. *See Smith*, 139 S. Ct. at 1775. Rather, the letter informed Mr. Cardoza that VA's decision making was *ongoing*. Simply put, the letter did not deny an earlier effective date or any other benefit; the letter merely explained to Mr. Cardoza that because his PTSD claim was already under higher-level review at the AOJ, the Board could not docket an appeal of it.

In concluding the opposite—that the letter denied a benefit—the majority creates a new rule that declining to docket an appeal is always a de facto decision that denies the benefits sought by the appeal. But this rule yields absurd results and elevates normal docket management into final appealable decisions, which attaches serious legal consequences. Imagine that a claimant wants to appeal a rating decision to the Board and files an NOD, and imagine that the Board dockets the appeal. After the appeal is docketed, the claimant files the NOD a second time—perhaps because the claimant is understandably worried that the Board routinely takes months to docket appeals. After receiving the second NOD, the Board sends the claimant a letter that says that the Board docketed an appeal after it received the first NOD, and so, the Board won't docket the second one.

Is this hypothetical letter a final Board decision that denies a benefit? Under the majority's new rule, yes, it is. But this seems absurd—I hope we all agree that our hypothetical claimant has not been finally denied a benefit. All the letter did was explain that the claimant filed an NOD twice and that the Board docketed an appeal in response to his first filing. But this hypothetical shows just how much the majority's opinion alters our understanding of what makes a final decision.

This hypothetical is, after all, what happened to Mr. Cardoza. Like the hypothetical claimant, Mr. Cardoza filed two requests for administrative review, and after receiving the second request, the Board responded with a letter to explain that VA would act only on the first. True, Mr. Cardoza's case differs in that he sought higher-level review and then a Board appeal, but that is of no import when it comes to whether VA granted or denied a benefit. The Board concluded that his benefit claim was still pending elsewhere within VA; the Board did not deny any benefits. The only way to think that the Board denied benefits is to stretch the definition of "benefit" beyond recognition and find that the Board denied a benefit because it did not allow Mr. Cardoza the opportunity to appeal an issue at the exact moment he wanted to do so. To call that a VA benefit would turn any VA determination on a procedural request that did not go the way that the appellant asked into a denial of benefits, and thus a final decision that can be appealed to the Court. But we have already rejected this theory. *See Dojaquez*, 35 Vet.App. at 432 (rejecting the appellant's argument that a "determination by the Board regarding . . . how the claim is processed constitutes a final decision on the benefit sought").

To be clear, I do not foreclose the possibility that the Board was wrong not to docket the

11

appeal. But whether the Board was wrong in this regard goes to the merits of Mr. Cardoza's appeal—specifically, to the questions of whether 38 U.S.C. § 5104C allows him to split the components of his PTSD rating claim into different lanes for administrative review, and thus whether 38 C.F.R. § 3.151(c)(2)'s prohibition of the practice is invalid. Maybe the majority did not intend to create a broad rule that changes our understanding of benefits because it believes that Mr. Cardoza has split his PTSD rating into two administrative review lanes: higher-level review for the degree of disability *only* and a Board appeal for his effective date *only*. And therefore, the Board letter served as a final decision on his effective date only. But having this understanding of the posture of Mr. Cardoza's PTSD claim would mean that we have already resolved whether section 5104C allows a claimant to split the components of a claim into different administrative review lanes and the validity of VA's regulation prohibiting the practice. Those are questions we would consider if we have jurisdiction; not questions we should use to create some sort of jurisdictional hook allowing us to move forward with this case.

Whether section 5104C allows a claimant to split components of a claim into different administrative review lanes is itself a complicated question, and the question is made more difficult because it overlaps with complicated questions about our jurisdiction. Unfortunately, the majority hurdles past this section 5104C question with no explanation. But if the Secretary is correct that under the statute Mr. Cardoza could not split his claim into two lanes, the Board was right not to docket the appeal. That would also mean that the Board didn't deny a benefit—the issue is still pending. But what do we do then? Normally we'd dismiss the appeal. But can we do so after a panel of this Court decided that the Board in fact rendered a final decision within the Court's jurisdiction? Would we affirm? That can't be. We'd be affirming a letter that didn't grant or deny a claim. Ultimately, I don't know how the majority gets to its conclusion that VA was wrong under section 5014C and thus the Agency issued a final decision when it refused to docket the appeal. But I also don't know how that question can now be answered at the merits stage. I would instead credit VA's position that it simply hasn't finished deciding this the merits of Mr. Cardoza's claim.

True, VA may be wrong when it comes to its decision not to split this claim into separate lanes. But if Mr. Cardoza is correct that he can split the components of his PTSD rating—degree of disability and effective date—into separate lanes for administrative review, he has options that do not involve stretching the Court's jurisdiction beyond its statutory bounds. If he thinks that the Board was wrong for not allowing him to split his claim and that the Board unlawfully refused to docket an effective-date appeal, he should petition for a writ of mandamus. After all, if the law requires VA to act and VA refuses to do so, the Court has the authority to issue writs in aid of our jurisdiction to "'compel action of the Secretary unlawfully withheld or unreasonably delayed.'" *See Monk v. Shulkin*, 855 F.3d 1312, 1318-19 (Fed. Cir. 2017) (quoting 38 U.S.C. § 7261(a)(2)). And that is what we would do if VA improperly put a roadblock between a claimant and VA's processing their claim or appeal. *See Beaudette v. McDonough*, 34 Vet.App. 95, 101-05 (2021) (granting a writ of mandamus where VA refused to process appeals from claimants whose Caregiver Program benefits were revoked).

Simply put, if Mr. Cardoza believes that section 5104C gives him a clear right to send one component of his PTSD claim to higher-level review and another to a Board appeal, then VA's refusal to comply with the statute is something we can (and should) address with a writ, just as we did when VA failed to comply with the law by refusing to docket an appeal in *Beaudette*. *See id.*

12

at 103, 108 (resolving the legal question at issue—whether 38 U.S.C. § 1720G(c)(1) stripped the Board of jurisdiction to review Caregiver Program benefits—to grant a writ that compelled the Board to review the petitioner's claim). And if the problem is that VA has a regulation— § 3.151(c)(2)—that stands in the way, then the proper way to deal with that is a section 502 challenge in the Federal Circuit, not a sub rosa invalidation of the regulation in this Court based on a motion to dismiss.

In the end, the majority's new understanding of what constitutes a denied benefit opens a whole new universe of final decisions, some of which we have previously rejected. What if a claimant asks the Board to decide their claim without additional evidentiary development, but the Board remands the claim anyway—is this an appealable decision? It seems so. *But see Clark v. McDonough*, 35 Vet.App. 317, 320-24 (2022) (rejecting the appellant's argument that the Board's determination that remand was necessary, even after the appellant waived her rights under the duty to assist, was a final decision for the purposes of the Court's jurisdiction); *Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 55 (2020) (order) (finding that remanding a case after the claimant asked for a decision based on the evidence of record was not a final decision), *aff'd sub nom. Gardner-Dickson v. McDonough*, No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) (per curiam).

\* \* \*

I recognize that I agree on much with the majority. But I part ways with the majority on whether VA's determination that it cannot docket an appeal at the specific moment the claimant asks because the claim is pending elsewhere at the agency constitutes a denial of benefits. I believe it is not. Thus, I respectfully dissent.

13